# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2304

_____

Ted Hamilton,                                    *
                                                 *
              Appellant,                         *
                                                 *  Appeal from the United States
       v.                                        *  District Court for the Eastern
                                                 *  District of Arkansas.
Leroy Brownlee, Chairman, Post Prison  *
Transfer Board; John Does, Post Prison  *  [UNPUBLISHED]
Transfer Board Members,                          *
                                                 *
              Appellees.                         *

_____

Submitted: June 1, 2007
Filed: June 8, 2007

_____

Before MURPHY, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

       Arkansas inmate Ted Hamilton appeals the district court's[1] 28 U.S.C.
§ 1915A(b) dismissal without prejudice of his 42 U.S.C. § 1983 action. We grant
Hamilton leave to proceed in forma pauperis on appeal.

_____

       [1]The Honorable James M. Moody, United States District Judge for the Eastern
District of Arkansas.

Hamilton claimed that defendants violated his due process rights and their own hearing policy by rescinding an initially favorable parole decision without giving him notice or an opportunity to participate in the rescission hearing. We conclude that dismissal for failure to state a claim was proper because Hamilton had no constitutionally protected liberty interest in the possibility that defendants would grant him parole upon review of the initial decision, Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions, and Hamilton had no protectable liberty interest in having defendants follow their hearing policy. *See* Ark. Code Ann. § 16-93-701(a)(1) (2006) ("The Parole Board may release on parole any individual eligible . . . when in its opinion there is a reasonable probability that the prisoner can be released without detriment to the community or himself or herself."); *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (per curiam) (inmate has no constitutionally protected liberty interest in possibility of parole); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (no federal constitutional liberty interest in having prison officials follow prison regulations); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984) (protected liberty interest may be created by state statutes governing parole; Arkansas parole statutes do not create liberty interest because they provide that Parole Board "may" grant parole and because substantive limitations on Board's discretion are minimal). Absent a protectable liberty interest, due process protections are not implicated. *See Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006) (first question in procedural due process claim is whether plaintiff has been deprived of protected liberty or property interest).

Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____