SLIP OPINION

Cite as 2014 Ark. 270

# SUPREME COURT OF ARKANSAS

No. CV-12-435

| | |
|---|---|
| JAMES EDWARD SMITH<br>APPELLANT<br><br>V.<br><br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | **Opinion Delivered** June 5, 2014<br><br>PRO SE APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT<br>[NO. 60CV-11-1023]<br><br>HONORABLE MARY SPENCER<br>McGOWAN, JUDGE<br><br>AFFIRMED. |

## PER CURIAM

Appellant James Edward Smith, an inmate incarcerated in the Arkansas Department of Correction ("ADC"), filed a petition for judicial review in the Pulaski County Circuit Court pursuant to Arkansas Code Annotated section 25-15-212 (Repl. 2002) to challenge a disciplinary action against him by the ADC. Specifically, appellant challenged the reduction of his class level, which, according to appellant, resulted in a reassignment of his job as library clerk and removal from the "Christian Base Program" barracks. He contended that he was disciplined based on a finding without "substantial evidence" that a violation of the ADC rules occurred, namely arguing that he was unjustly punished for having in his possession legal documents that were given to him to read by other inmates. He further alleged that the ADC's finding of guilty of the rules violations was arbitrary, capricious, an abuse of discretion and power, and a violation of his right to due process and equal protection.[1] The ADC did not file an answer, and, instead,

---

[1] All arguments made below but not raised on appeal are abandoned. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam); *Shipman v. State*, 2010 Ark. 499 (per curiam) (citing

it moved to dismiss the petition based on the allegation that it was not timely filed. Appellant responded with a motion to strike the motion to dismiss, arguing that the petition was timely. Appellant also filed a motion for default judgment based on the ADC's failure to file a responsive pleading. In its order, the circuit court recognized that appellant did not file a response to the ADC's motion to dismiss, and, instead, filed a motion to strike and motion for default judgment. The circuit court then granted the ADC's motion to dismiss for "good cause shown," and it denied the ADC's motion to strike and motion for default judgment. Appellant has lodged an appeal of the order in this court.

Appellant argues on appeal that the circuit court erroneously stated that he had failed to file a response to the ADC's motion to dismiss, and he contends that his motion to strike was, in fact, a response to the ADC's motion to dismiss.[2] He further argues that his petition for judicial review was timely, and he makes the conclusory statements that the denial of the relief that he sought in his petition was "bias and prejudicial" and that the circuit court erred in denying him relief. Appellant also seems to contend that he was entitled to a hearing on his petition for judicial review and that the circuit court erred in denying his motion for default judgment based on the failure of the ADC to file a responsive pleading.

In his reply brief, appellant asserts a right to assist other inmates with legal matters and

_____

*State v. Grisby*, 370 Ark. 66, 257 S.W.3d 104 (2007)).

[2]In its order, the circuit court noted that appellant had not filed a response to the motion to dismiss and, instead, had filed a motion to strike the motion to dismiss. However, as stated herein, the circuit court did not grant the motion to dismiss based on any failure by appellant to file a response, but rather indicates that it was granting the motion to dismiss for "good cause shown."

SLIP OPINION

alleges that the disciplinary proceedings were a retaliation against him for providing other inmates with legal assistance. He also argues that the reduction of his class level without substantial evidence to support a rule violation had the effect of infringing on his right to engage in religious practices because he was transferred out of the "Christian Base Program" barracks as a result of the reduction.

Because appellant's arguments based on an alleged violation of his rights stemming from the disciplinary adjudication are raised for the first time in the reply brief, these arguments will not be considered. This court will not consider arguments raised for the first time in an appellant's reply brief because the appellee is not given a chance to rebut the argument. *Graves v. Greene County*, 2013 Ark. 493, ___ S.W.3d ___. Likewise, because appellant did not raise his retaliation claim in his petition and raised the claim for the first time in his reply brief, this argument will not be considered on appeal. *See Breeden v. State*, 2014 Ark. 159, at 11, ___ S.W.3d ___, ___ (per curiam) ("Because arguments raised for the first time on appeal could not have been considered by the trial court, they will not be addressed by this court.").

Section 25-15-212 of the Administrative Procedure Act (APA), the provision under which appellant sought to proceed, provides that "[i]n cases of adjudication, any person, except an inmate under sentence to the custody of the Department of Correction, who considers himself or herself injured in his or her person, business, or property by final agency action shall be entitled to judicial review of the action under this subchapter." Ark. Code Ann. § 25-15-212(a); *see also* Ark. Code Ann. § 25-15-202(1)(B) (Supp. 2011) ("'Adjudication' does not include prisoner disciplinary proceedings conducted by the Department of Correction and the

3

SLIP OPINION

Department of Community Correction."). In *Clinton v. Bonds*, 306 Ark. 554, 816 S.W.2d 169 (1991), however, this court held that the APA was unconstitutional to the extent that it deprived inmates of review of constitutional questions. Accordingly, in cases like the one here, where an inmate challenges a disciplinary proceeding and ADC officials' implementation of ADC rules, the petitioner must raise a constitutional question sufficient to raise a liberty interest merely to fall within the classification of claims subject to judicial review. *See Renfro v. Smith*, 2013 Ark. 40 (per curiam); *Munson v. Ark. Dep't of Corr.*, 375 Ark. 549, 294 S.W.3d 409 (2009) (per curiam). Because the argument raised by appellant in his brief-in-chief is limited to the conclusory allegation that the denial of the relief sought in his petition was "bias and prejudical," there is no basis for this court to find that the petition raised the requisite constitutional question. Neither conclusory statements nor allegations without factual substantiation are sufficient. *See Britton v. State*, 2014 Ark. 192, ___ S.W.3d ___.

Appellant's claim that the circuit court erred in not granting his request for a hearing based on an alleged right to due process must also fail. Appellant fails to properly raise any argument that sanctions were imposed sufficient to comprise a liberty interest. Thus, he did not invoke any due-process rights mandating notice and a hearing. While appellant also refers to Administrative Order Number 14, which regulates the administration of circuit courts, in an attempt to support his argument that he was entitled to a hearing, the administrative order does not support his claim.

Finally, as to the circuit court's denial of the motion for default judgment, the record reflects that the petition was filed on March 8, 2011. On April 12, 2011, the ADC filed a first

motion to dismiss, arguing that service of the petition attempted on March 23, 2011, was improper. In the second motion to dismiss filed May 18, 2011, and addressed by the trial court in its order, the ADC alleged that service was subsequently perfected on April 25, 2011, and raised the argument that the petition should be dismissed because it was untimely. Regardless of whether March 23 or April 25 is considered the date of service, the ADC timely responded to the complaint by filing a motion to dismiss within thirty days after it had been served with the summons and complaint on each date. *See* Ark. R. Civ. P. 12 (2011). Thus, the circuit court properly denied appellant's motion for default judgment.

In its order, the circuit court granted the ADC's motion to dismiss, in which the ADC argued that the petition for judicial review was untimely, and denied appellant's motion to strike based on his responsive argument that the petition was, in fact, timely. While we affirm the circuit court's order, we do so for a different reason. This court can affirm if the right result is reached even if it is for a different reason. *Faigin v. Diamante*, 2012 Ark. 8, 386 S.W.3d 372. Because appellant does not set forth any argument on appeal to show deprivation of a liberty interest, he fails to show that he stated a claim under section 25-15-212 in his petition to support judicial review of the ADC's decision. Thus, we affirm the order dismissing the petition.

Affirmed.

*James Edward Smith*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.