SLIP OPINION

Cite as 2015 Ark. 266

# SUPREME COURT OF ARKANSAS

No. CV-15-75

| | |
|---|---|
| RICHARD D. DAY, JR. <br><br> APPELLANT <br><br> V. <br><br> JUSTINE MINOR, HEARING OFFICER, ARKANSAS DEPARTMENT OF CORRECTION; DANNY BURL, WARDEN, EAST ARKANSAS REGIONAL UNIT; RAYMOND NAYLOR, HEARING ADMINISTRATOR, ARKANSAS DEPARTMENT OF CORRECTION; RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION <br><br> APPELLEES | **Opinion Delivered** June 4, 2015 <br><br> APPELLEES' MOTION TO DISMISS APPEAL AND APPELLANT'S PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF <br> [PULASKI COUNTY CIRCUIT COURT, NO. 60CV-14-3879] <br><br> HONORABLE TIMOTHY DAVIS FOX, JUDGE <br><br> <u>APPEAL DISMISSED; APPELLANT'S MOTION FOR EXTENSION OF TIME MOOT</u>. |

**PER CURIAM**

On October 8, 2014, appellant Richard D. Day, Jr., filed in the Pulaski County Circuit Court a petition for judicial review of an administrative decision pursuant to Arkansas Code Annotated section 25-15-212 (Repl. 2002) of the Administrative Procedure Act (APA). In the petition, Day sought review of a disciplinary action brought against him by appellees Justine Minor, Hearing Officer, Arkansas Department of Correction; Danny Burl, Warden, East Arkansas Regional Unit; Raymond Naylor, Hearing Administrator, Arkansas Department of Correction; and Ray Hobbs, Director, Arkansas Department of Correction (collectively, the ADC). Specifically, Day asserted in the petition, and the attached exhibits indicate, that a disciplinary action was adjudicated against Day on April 16, 2014, and ultimately affirmed by the

ADC on August 14, 2014. The circuit court affirmed the ADC's administrative decision, and Day timely lodged an appeal from the order in this court. Now before us are the ADC's motion to dismiss the appeal and Day's pro se motion for extension of time to file the appellant's brief-in-chief. Because it is clear that appellant was untimely in seeking judicial review under the APA, we grant the motion to dismiss, and Day's motion for extension of time is moot.

Under the APA, judicial review is generally not available to an "inmate under sentence to the custody of the Department of Correction." Ark. Code Ann. § 25-15-212(a). In *Clinton v. Bonds*, 306 Ark. 554, 816 S.W.2d 169 (1991), however, this court held that the APA was unconstitutional to the extent that it deprived inmates of review of constitutional questions. Accordingly, when an inmate challenges a disciplinary proceeding and ADC officials' implementation of ADC rules, the petitioner must raise a constitutional question sufficient to raise a liberty interest to fall within the classification of claims subject to judicial review. *Munson v. Ark. Dep't of Corr.*, 375 Ark. 549, 294 S.W.3d 409 (2009) (per curiam). In the instant case, however, we need not determine whether Day's claims fit within this exception to section 25-15-212(a). Even if the question were to be answered in the affirmative, Day would still be precluded from seeking judicial review of the ADC's actions pursuant to the APA because the petition was untimely.

Under the APA, a petition for judicial review must be filed within thirty days after service of the agency's final decision upon the petitioner. Ark. Code Ann. § 25-15-212(b). This thirty-day period begins to run when an inmate is served with a copy of the ADC's decision. *Lee v. Ark. Dep't of Corr. Records Dep't*, 2012 Ark. 342 (per curiam). When a petition is filed outside the

thirty-day window, it is untimely, and a petitioner is precluded from seeking relief under the APA. *Id.* The record before us supports the conclusion that the petition in the instant case was filed more than thirty days after Day had been served with a copy of the ADC's final decision. In a notarized affidavit attached to his petition to proceed in the circuit court as an indigent, Day stated that he received notice of the ADC's August 14, 2014 decision on August 21, 2014. Thus, the petition, filed October 8, 2014, was not timely because it was not filed within thirty days of August 21, the date that Day alleged he was served with a copy of the decision.[1]

Because Day failed to timely file his petition in accordance with the time limitations of the APA, he is precluded from seeking relief under the statute.

Appeal dismissed; appellant's motion for extension of time moot.

---

[1]While Day stated in the affidavit that he thought it would be prudent to mail the petition prior to September 14, this court has not adopted the prison mailbox rule wherein an item is considered filed when it is placed in the prison mail room. *McDaniel v. Hobbs*, 2013 Ark. 107 (per curiam); *see also Hamel v. State*, 388 Ark. 769, 1 S.W.3d 434 (1999). An item tendered to a court is considered filed on the date it is received by the clerk, not on the date it may have been placed in the mail. *McDaniel*, 2013 Ark. 107.