SLIP OPINION

Cite as 2016 Ark. 217

# SUPREME COURT OF ARKANSAS.

No. CV-15-962

| | |
|---|---|
| SHAWN WHITESIDE | **Opinion Delivered** May 19, 2016 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE LINCOLN |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 40CV-15-50] |
| ARKANSAS PAROLE BOARD | |
| APPELLEE | HONORABLE JODI RAINES |
| | DENNIS, JUDGE |
| | |
| | AFFIRMED. |

## PER CURIAM

Appellant Shawn Whiteside is an inmate incarcerated in the Arkansas Department of Correction (ADC). Whiteside filed a petition in the Lincoln County Circuit Court that sought judicial review of a decision by the Arkansas Parole Board (Parole Board). The circuit court dismissed the petition and counted it as a "strike" under Arkansas Code Annotated section 16-68-607 (Repl. 2005). The court found that Whiteside failed to state a claim on which relief could be granted in that Arkansas Code Annotated section 25-15-212(a) does not allow actions by persons incarcerated in the ADC and Whiteside had failed to demonstrate the requisite liberty interest in order to raise a due-process exception. Whiteside appeals the order, and he contends that he established a liberty interest to support his claim.

In his petition for review, Whiteside alleged that the Parole Board considered him for parole and made a final decision declining to grant a transfer to the Department of Community Correction (DCC). He attached a copy of a document in support of that

claim, a "Record of Release Consideration," reflecting a hearing on May 24, 2015, and the denial of a request for reconsideration. Whiteside alleged deprivation of a conditional liberty interest in that the controlling statutes did not allow the ADC discretion in deferring a transfer for the offenses for which he was incarcerated.

The Arkansas Administrative Procedure Act (APA) provides as follows:

> In cases of adjudication, any person, except an inmate under sentence to the custody of the Department of Correction, who considers himself or herself injured in his or her person, business, or property by final agency action shall be entitled to judicial review of the action under this subchapter. Nothing in this section shall be construed to limit other means of review provided by law.

Ark. Code Ann. § 25-15-212(a) (Repl. 2014). Under the APA, judicial review is therefore generally not available to an inmate, but, in *Clinton v. Bonds*, 306 Ark. 554, 816 S.W.2d 169 (1991), this court held that the APA was unconstitutional to the extent that it deprived inmates of review of a constitutional question, and we recognized an exception to the general rule where the petitioner brings a challenge that is sufficient to raise a liberty interest. *Day v. Minor*, 2015 Ark. 266 (per curiam).

This court has repeatedly held that there is no liberty interest in parole in Arkansas. *See, e.g.*, *Carroll v. Hobbs*, 2014 Ark. 395, 442 S.W.3d 834 (per curiam). State statutes may create liberty interests that are entitled to the procedural protections of the Due Process Clause, but not every statute creates a liberty interest for due-process purposes. *Arnold v. State*, 2011 Ark. 395, 384 S.W.3d 488 (per curiam).

Whiteside contends that Arkansas Code Annotated section 16-93-615 (Supp. 2015) is the applicable statute, and our legislature placed substantive limitations on the ADC's discretion to grant or deny parole in that statute. Whiteside's interpretation of the statute is

that the ADC has only limited options for denying parole to those inmates who were not incarcerated for specific offenses falling within a set list and who have been classified as eligible for transfer to the DCC. Whiteside points out that the statute provides only two options for the Parole Board when a hearing has been conducted to determine if the inmate is appropriate for transfer. He asserts that, when a discretionary offense was not committed, transfer to the DCC is automatic, mandatory, and nondiscretionary for those inmates who meet the statute's criteria.

Parole eligibility falls within the domain of the executive branch and specifically the ADC as fixed by statute. *Johnson v. State*, 2012 Ark. 212. Parole eligibility is determined by the law in effect at the time the crime is committed. *Bramlett v. Hobbs*, 2015 Ark. 146, 463 S.W.3d 283 (citing *Boles v. Huckabee*, 340 Ark. 410, 12 S.W.3d 201 (2000) (per curiam)). We need not determine whether, in this instance, the legislature created a liberty interest in parole or transfer to the DCC, however. Even assuming that Whiteside has identified the appropriate statute and that he could demonstrate that it created a liberty interest by its mandatory provisions, he did not state facts in his petition that are sufficient to place him within a category of inmates who would be eligible for transfer to the DCC under the terms of the statute.

Under section 16-93-615(a)(2)(B), following a hearing on the appropriateness of a transfer, the Board must either (1) transfer the inmate to the DCC or (2) deny the transfer and provide a prescribed course of action to be taken by the inmate that will rectify the Parole Board's concerns. If the inmate fails to fulfill the required course of action, it is the inmate's responsibility to petition for rehearing. Ark. Code Ann. § 16-93-615(a)(3).

Whiteside attached to his petition what he asserted was the Parole Board's final decision. According to the "Record of Release Consideration," the Parole Board had a hearing on Whiteside's transfer and deferred transfer, directing Whiteside to complete the Reduction of Sexual Victimization Program (RSVP). Whiteside requested reconsideration, and the Parole Board denied the request, finding that its decision to defer Whiteside's transfer until the RSVP program is completed would stand.[1]

Even if Whiteside were correct in his claim that those inmates who meet the statute's criteria have a statutorily created liberty interest in transfer or parole, he did not state facts to demonstrate that he has satisfied the statute's criteria to be qualified for a mandatory transfer. He acknowledged that the statute gave the Parole Board an alternative to transfer, and the documentation he provided shows that the Parole Board chose that alternative. Whiteside's petition therefore failed to raise a constitutional question to support judicial review of the administrative decision of the Parole Board, and the circuit court correctly determined that Whiteside did not state a claim for the requested relief. *See Smith v. Hobbs*, 2014 Ark. 270 (per curiam).

Affirmed.

Hart, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** The per curiam notes that parole eligibility falls within the domain of the executive branch. Thus, rather than addressing the merits of Shawn Whiteside's claim, this court first should have considered whether

---

[1]Whiteside alleged that the Board gave no reason for the deferral, but the document that he provided clearly states that the deferral was for completion of the program.

Whiteside's appeal was subject to dismissal on the basis that the circuit court could not hear the appeal from the Arkansas Parole Board. I respectfully dissent.

*Shawn Whiteside*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by:  *Gary L. Sullivan*, Ass't Att'y Gen., for appellee.