SLIP OPINION

Cite as 2017 Ark. 85

# SUPREME COURT OF ARKANSAS.
**No.** CV–16–370

| | |
|---|---|
| CASEY L. RUIZ<br>APPELLANT<br><br>V.<br><br>JOHN FELTS, CHAIRMAN,<br>ARKANSAS PAROLE BOARD,<br>APPELLEE | **Opinion Delivered** March 9, 2017<br><br>PRO SE APPEAL FROM PULASKI<br>COUNTY CIRCUIT COURT<br>[NO. 60OT-50-2 ]<br><br>HONORABLE, CHRISTOPHER<br>CHARLES PIAZZA, JUDGE<br><br><u>AFFIRMED IN PART; REVERSED IN<br>PART AND REMANDED</u>. |

## PER CURIAM

Appellant, Casey L. Ruiz, is an inmate incarcerated in the Arkansas Department of Correction (ADC). Ruiz filed a petition in the Pulaski County Circuit Court that sought judicial review of a decision of the Arkansas Parole Board (Board) pursuant to the Administrative Procedure Act, Arkansas Code Annotated sections 25-15-212 – 219 (Repl. 2014). A petition to proceed in forma pauperis was filed in connection with his petition for judicial review. The circuit court denied Ruiz's in forma pauperis petition pursuant to Rule 72 (2015) of the Arkansas Rules of Civil Procedure on the basis that Ruiz had not stated a colorable claim. For the reasons set forth below, we affirm in part and reverse in part and remand.

An examination of the allegations raised in the underlying cause is necessary to determine Ruiz's entitlement to proceed in forma pauperis. In his petition for judicial review, Ruiz contended that the Board had denied his application for parole and deprived

SLIP OPINION

him of liberty without due process. In addition, Ruiz alleged that the parole board had retroactively applied a parole statute in violation of the ex-post-facto prohibition. In support of his ex-post-facto claim, Ruiz made the following allegations: that he was convicted of burglary in 2009; that the Board applied Arkansas Code Annotated section 16-93-615, which was enacted in 2011, in considering his parole eligibility and determined that he was not entitled to parole and would not be eligible for parole for an additional two years; and that the application of the current parole statute increased the length of his incarceration because under the former statute—Arkansas Code Annotated section 16-93-1302 (Repl. 2006)—he was not classified as a felon convicted of a targeted offense and would have been eligible for parole.[1]

Rule 72 of the Arkansas Rules of Civil Procedure states in pertinent part that the circuit court may order that the petitioner be allowed to prosecute the suit in forma pauperis if satisfied from the facts alleged that the petitioner has a colorable cause of action. Under this court's rules of civil procedure, allegations in a pleading must state facts and not mere conclusions in order to entitle the pleader to relief. *Ballard Group, Inc. v. BP Lubricants USA, Inc.*, 2014 Ark. 276, at 6, 436 S.W.3d 445, 449 (citing Ark. R. Civ. P. 8(a) (2013)). Therefore, a colorable cause of action is established by the sufficiency of the non-conclusory facts alleged in a petition but there is no requirement that a petitioner provide evidentiary support for those fact allegations in order to state a legitimate claim for relief. A colorable

---

[1] Arkansas Code Annotated sections 16-93-1301 to -1304 concerning criteria for transfer to community punishment programs was repealed by Acts 2011, No. 570, codified as Arkansas Code Annotated sections 16-93-615 to -620.

SLIP OPINION

cause of action is "a claim that is legitimate and that may reasonably be asserted, given the facts presented and the current law (or a reasonable and logical extension or modification of current law)." *Boles v. Huckabee*, 340 Ark. 410, 412, 12 S.W.3d 201, 202–03 (2000) (per curiam) (quoting *Black's Law Dictionary*, 240 (7th ed.1999)).

The administration of prisons has generally been held to be beyond the province of the courts. *Clinton v. Bonds*, 306 Ark. 554, 557–58, 816 S.W.2d 169, 171–72 (1991). However, an exception to the courts' reticence to entertain a prisoner's administrative complaints occurs when the petitioner asserts an infringement on constitutional rights. *Id.* Thus, an inmate who asserts a credible constitutional claim is entitled to review under the Administrative Procedures Act, codified at Arkansas Code Annotated sections 25-15-212 to –219 (Repl. 2014).

Here, Ruiz alleged a constitutional violation of his right to due process and contended that the parole board had violated the ex-post-facto prohibition in the United States and Arkansas Constitutions. Because Arkansas statutes have not created a liberty interest in parole eligibility, Ruiz failed to state a colorable claim based on the allegation that the denial of his parole eligibility constituted a violation of his right to due process. *See Cridge v. Hobbs*, 2014 Ark. 153, at 2 (per curiam) (There is no constitutional right or entitlement to parole that would invoke due-process protection.). However, Ruiz stated sufficient non-conclusory facts to assert a colorable claim for judicial review of an alleged violation of the ex-post-facto prohibition. Ruiz specifically alleged that his term of incarceration was extended by two years through the retroactive application of the current parole-eligibility statute rather than by the application of the former statute which was in

effect when he committed the crime of burglary. Ruiz therefore made sufficient fact allegations supporting a claim for relief based on an alleged ex-post-facto violation. *See Holloway v. Beebe*, 2013 Ark. 12, at 4 (per curiam) (holding that petitioner failed to state sufficient facts that statute was punitive and subject to ex-post-facto prohibition).

Both the United States and Arkansas Constitutions prohibit the enactment of any law which imposes punishment on a person for an act done that was not punishable at the time it was committed or which increases or imposes additional punishment than what was prescribed for that act when it was committed. U.S. Const. Art I, §§ 9 and 10; Ark. Const. Art. 2, § 17. There are two critical elements that must be present for a criminal law to be ex post facto: (1) it must be retrospective, that is, it must apply to events occurring before its enactment; (2) it must disadvantage the offender affected by it. *Pitts v. Hobbs*, 2013 Ark. 457, at 4 (per curiam) (citing *Brown v. Lockhart*, 288 Ark. 483, 707 S.W.2d 304 (1986)). Furthermore, we have explained that the change in the law must have altered substantial personal rights, not merely modes of procedure that do not affect matters of substance. *Bowen v. State*, 322 Ark. 483, 499, 911 S.W.2d 555, 562 (1995).

This court has applied the ex-post-facto prohibition to parole-eligibility statutes and has held that it is unconstitutional to apply the current parole-eligibility act retrospectively to a defendant's conviction, instead of considering him for parole under the parole-eligibility statute that was in effect at the time of the commission of the crime. *Bosnick v. Lockhart*, 283 Ark. 206, 207–08, 672 S.W.2d 52, 53 (1984). In so doing, we have explained that a parole statute less favorable to one who had been sentenced prior to its passage than the parole law existing at the time of his sentencing would be unconstitutional as an ex-post-

SLIP OPINION

facto law, in violation of Art. 2 § 17 of the Arkansas Constitution. *Id.* The presence or absence of an affirmative, enforceable right is not relevant to the ex-post-facto prohibition, which forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred. *Bosnick*, 283 Ark. at 207–08, 672 S.W.2d at 53. Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was committed. *Id.* It is the effect, not the form, of the law that determines whether it is ex post facto. *Id.* at 209, 672 S.W.2d at 53; *see also Kellar v. Fayetteville Police Department*, 339 Ark. 274, 280, 5 S.W.3d 402, 405 (1999) (The Ex Post Facto Clause was applicable to an administrative statute if its retroactive application constituted punishment.).

Because the circuit court summarily denied Ruiz's petition to proceed in forma pauperis, a record of the entire proceedings was not lodged in the circuit court pursuant to Arkansas Code Annotated section 25-15-212(d)(1), which requires the parole board to transmit to the reviewing court the original or a certified copy of the entire record under review with the initial cost of the record to be borne by the agency.[2] The record that is before this court includes two documents generated by the Board reflecting that a hearing was held on November 5, 2015, that parole was denied based on "previous release history,"

---

[2] Arkansas Code Annotated section 25-15-212(d)(2) mandates that the cost of producing a record shall be recovered from the appealing party if the agency is the prevailing party. Granting Ruiz pauper status will ensure that the Board will recover its costs should it prevail in this action.

and that parole had been denied for a period of two years. The record does not contain the original judgment of conviction reflecting the date the crime had been committed, the nature and degree of the burglary offense for which Ruiz was convicted, or the sentence that had been imposed. Nor does the record contain documentation of Ruiz's previous release history and the circumstances under which Ruiz had been transferred back to the ADC. Ruiz's claim that the Board violated the ex-post-facto prohibition cannot be analyzed under prevailing constitutional standards by reference to the deficient record that is before this court.[3] As stated above, the determination of a colorable claim is made from an evaluation of the petitioner's non-conclusory fact allegations. The validity of the allegations contained in the petition for review can only be measured by a review of the entire record and the evidence contained therein.

In view of the allegations contained in the petition for judicial review, Ruiz's ex-post-facto claim is legitimate based on the non-conclusory facts alleged in his petition and the current law. *Boles*, 340 Ark. at 412, 12 S.W.3d at 202–03. Under the law enunciated above, the ex-post-facto prohibition is applicable to parole-eligibility statutes. Because Ruiz has asserted a legitimate claim that the Board violated a constitutional right, the Board's alleged actions are subject to judicial review. *Clinton*, 306 Ark. at 557–58, 816 S.W.2d at

---

[3] While these documents indicate that parole was denied based on Ruiz's previous release history, wherein Ruiz had absconded following an earlier release from the ADC, the denial of parole eligibility for a period of two years appears to arise from an application of Arkansas Code Annotated section 16-93-615(b)(5) and the targeted offenses set forth in Arkansas Code Annotated section 16-93-615(b)(1), rather than the application of the former statute—Arkansas Code Annotated section 16-93-1301(2)(E)—which prescribed separate time frames for reconsideration of parole eligibility where an offender had been transferred back to the ADC for disciplinary reasons.

171–72. Ruiz stated a colorable claim that must be evaluated in light of the entire record, and he is therefore entitled to proceed in forma pauperis.

Affirmed in part; reversed in part and remanded.

*Casey L. Ruiz*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.