

# SUPREME COURT OF ARKANSAS.
No. CV-17-72

| | |
|---|---|
| JEREMY KENNEDY<br>APPELLANT<br><br>V.<br><br>ARKANSAS PAROLE BOARD<br>APPELLEE | **Opinion Delivered** August 3, 2017<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-16-375]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>AFFIRMED</u>. |

**KAREN R. BAKER, Associate Justice**

Appellant Jeremy Kennedy appeals from the dismissal of his pro se petition for judicial review of an adjudication made by the Arkansas Parole Board (Board) pursuant to the Arkansas Administrative Procedure Act (APA), codified at Arkansas Code Annotated sections 25-15-201 to –218 (Repl. 2014).  In his pro se petition for judicial review, Kennedy alleged that in May 2016, the Board unconstitutionally denied his transfer eligibility to the Department of Community Correction for one year in contravention of Arkansas's parole statutes and the Board's own regulations as set forth in the Arkansas Parole Board Policy Manual (Manual).  However, Kennedy's petition failed to identify the date on which he committed the offenses for which he is currently incarcerated, and there is no other evidence in the record in this appeal identifying the date those offenses were committed.  Parole eligibility is determined by the law in effect at the time the crime is committed.  *Bosnick v. Lockhart*, 283 Ark. 206, 209, 677 S.W.2d 292 (1984) (supplemental opinion on denial of rehearing).  In view of this, Kennedy's petition failed to allege sufficient facts that would

entitle him to review of the Board's decision to deny transfer. We, therefore, affirm the circuit court's order dismissing Kennedy's petition.

In the petition filed below, Kennedy contended that the Board's decision was subject to judicial review because he had been convicted of residential burglary and theft by receiving, which are offenses that placed him within a "target group" of inmates who are entitled to nondiscretionary parole or transfer.[1] Kennedy further alleged that the Board denied him transfer without providing a course of action as prescribed by Arkansas Code Annotated section 16-93-615(a)(2)(B)(ii) (Repl. 2016),[2] and by the Board's own regulations pursuant to its Manual.

The Board filed a motion to dismiss and contended, among other things, that Kennedy's petition should be dismissed because Kennedy failed to perfect service pursuant to Rule 4(d)(8) of the Arkansas Rules of Civil Procedure (2016), and otherwise had failed to state a claim for which relief can be granted under the provisions of the APA. Kennedy responded to the motion to dismiss and asserted that the crimes for which he was convicted are governed by section 16-93-615(a)(1)(A), which provides that inmates convicted of certain felonies "shall" be transferred to the Department of Community Correction.

---

[1]The term "target group" is defined in the Community Punishment Act codified at Arkansas Code Annotated section 16-93-1202(10)(A)(i) (Repl. 2016), as including offenders convicted of residential burglary and theft. Parole eligibility for this group is addressed by section 16-93-614(3) (Repl. 2016).

[2]Arkansas Code Annotated section 16-93-615 was enacted on March 20, 2011, by Acts 2011, No. 570, § 100. The code sections that governed parole prior to the 2011 Act were codified at Arkansas Code Annotated sections 16-93-206 (Repl. 2006), 16-93-1201–1202 (Repl. 2006), and 16-93-1301–1302 (Repl. 2006).

Kennedy contended that the use of this mandatory language created a constitutionally-protected liberty interest in parole or transfer, which required the ADC to strictly follow the statutorily mandated procedure before denying his entitlement to transfer. Kennedy relied on this court's holding in *Whiteside v. Arkansas Parole Board*, 2016 Ark. 217, 492 S.W.3d 489 (per curiam), and the United States Supreme Court's holding in *Board of Pardons v. Allen*, 482 U.S. 369 (1987), in support of this assertion.

The circuit court denied the petition, concluding that Kennedy did not comply with the service requirements under Rule 4 of the Rules of Civil Procedure (2016),[3] had failed to state a constitutional claim and the ADC's determination of parole eligibility is not subject to judicial review. On appeal, Kennedy raises the same argument that he raised below, and adds an allegation that he was convicted in 2013.

When reviewing a circuit court's order granting a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Biedenharn v. Thicksten*, 361 Ark. 438, 206 S.W.3d 837 (2005). In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in the

---

[3]Whether Kennedy strictly complied with the service requirements set forth in Rule 4 is of no moment with respect to a determination of the validity of Kennedy's claim because a petitioner/plaintiff has 120 days under Rule 4(i) of the Arkansas Rules of Civil Procedure to perfect service of process, and the dismissal based on insufficiency of process should be without prejudice. *See Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 715, 120 S.W.3d 525, 533 (2003). The record demonstrates that Kennedy filed his petition on June 23, 2016, the 120 days elapsed by October 21, 2016, and the circuit court dismissed the petition on November 1, 2016. The dismissal on this ground should have been without prejudice to allow Kennedy to perfect service of process and proceed with the action if he had stated a colorable cause of action.

plaintiff's favor. *Id.* at 441, 206 S.W.3d at 840. Furthermore, our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Ballard Grp., Inc. v. BP Lubricants USA, Inc.*, 2014 Ark. 276, at 6, 436 S.W.3d 445, 449 (citing Ark. R. Civ. P. 8(a) (2013)). Our standard of review for the granting of a motion to dismiss is whether the circuit court abused its discretion. *Doe v. Weiss*, 2010 Ark. 150, at 3.

Applying the above-cited standards, the circuit court did not abuse its discretion when it concluded that Kennedy failed to state a constitutional claim that triggered entitlement to judicial review under the APA. The administration of prisons has generally been held to be beyond the province of the courts. *Clinton v. Bonds*, 306 Ark. 554, 557–58, 816 S.W.2d 169, 171–72 (1991). However, an exception to the courts' reticence to entertain a prisoner's administrative complaints occurs when the petitioner asserts an infringement on constitutional rights. *Id.*

Treating the facts alleged in Kennedy's petition as true, there is no allegation contained in either the petition or other pleadings identifying the date he had committed the offenses for which he is currently incarcerated, and there is no evidence in the record establishing that date. Kennedy makes an allegation in his appellant brief that he was convicted in 2013, but he did not present this allegation below, and the date of conviction is irrelevant to a determination of parole eligibility. As stated above, parole eligibility is determined by the law in effect at the time the crime was committed. *Bosnick*, 283 Ark. at 209, 677 S.W.2d 292. The parole-eligibility statutes were substantially amended by Act 570 of 2011, codified at sections 16-93-612 to -615, and Kennedy claims that it is these

statutory provisions that mandate transfer and give rise to a constitutionally-protected liberty interest. Because Kennedy did not raise sufficient allegations establishing which law applied to his entitlement to transfer, he failed to state a claim that would trigger review of the Board's administrative action under our holding in *Clinton*, 306 Ark. at 557–58, 816 S.W.2d at 171–72. In sum, there are no facts alleged by Kennedy demonstrating that a liberty interest was created by the provisions of the parole-eligibility statutes in effect at the time he committed the crimes of residential burglary and theft by receiving. Thus, Kennedy is not entitled to judicial review of the Board's determination, and the circuit court's order dismissing his petition was not an abuse of discretion.

Affirmed.

*Jeremy Kennedy*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Nga Mahfouz*, Sr. Ass't Att'y Gen., for appellee.