Cite as 2020 Ark. 32

# SUPREME COURT OF ARKANSAS

No. CV-18-662

| | | |
|---|---|---|
| JOE PERRY, JR. | APPELLANT | **Opinion Delivered:** January 23, 2020 |
| V. | | PRO SE APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT [NO. 09CV-18-96] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| | | <u>AFFIRMED</u>. |

**SHAWN A. WOMACK, Associate Justice**

Joe Perry, Jr., an inmate at the Arkansas Department of Correction (ADC), appeals the denial of his petition to proceed in forma pauperis. In the underlying action, Perry sought judicial review of ADC disciplinary proceedings under the Administrative Procedure Act. Because Perry failed to allege a basis for judicial review, we affirm.

We review a decision denying a petition to proceed in forma pauperis for abuse of discretion. *See Morgan v. Kelley*, 2019 Ark. 189, at 2-3, 575 S.W.3d 108, 110. The right to proceed as a pauper in a civil action turns on the petitioner's indigency and the circuit court's satisfaction that the alleged facts indicate a colorable cause of action. *See* Ark. R. Civ. P. 27(c) (2017). A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *See Morgan*, 2019 Ark. 189, at 2-3, 575 S.W.3d at

109-10.  If the underlying petition clearly fails to state a colorable cause of action, there is no abuse of discretion in denying a petition to proceed in forma pauperis.  *Id.*

Judicial review of administrative complaints is generally unavailable to petitioners incarcerated at ADC.  *See* Ark. Code Ann. § 25-15-212(a) (Repl. 2014).  An exception exists for review of an asserted constitutional violation.  *See Muntaqim v. Kelley*, 2019 Ark. 240, at 3-4, 581 S.W.3d 496, 499-500.  This exception is not triggered merely by conclusory allegations of a constitutional violation.  *Id.*  When an inmate challenges a disciplinary proceeding and officials' implementation of ADC policy, as Perry does here, the petition must allege a constitutional question sufficient to raise a liberty interest.  *Id.*  Otherwise, the claim cannot fall within the classification of claims subject to judicial review.  *Id.*

Perry argues that he was prevented from presenting evidence and calling witnesses at his disciplinary hearing in violation of ADC policy.  He contends that prison officials' violation of ADC policy violated due process.  It is well settled that ADC policies do not create a liberty interest to which due process can attach.  *See Munson v. Ark. Dep't of Corr.*, 375 Ark. 549, 552, 294 S.W.3d 409, 411 (2009).  Any alleged liberty interest must instead be an interest in the nature of the prisoner's confinement—not an interest in the procedures by which the State believes it can best determine how he should be confined.  *See Muntaqim*, 2019 Ark. 240, at 4, 581 S.W.3d at 500 (internal quotation omitted).

A liberty interest with respect to prison disciplinary actions is created by an evaluation of the nature of the deprivation in relation to the ordinary incidents of prison

2

life.  *Id.*  Substantive due process is triggered only when prison discipline imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  *Id.*  For Perry to assert a liberty interest, he must show an atypical and substantive deprivation that was a dramatic departure from the basic conditions of his confinement.  *Id.*

Perry did not allege any atypical conditions arising from the discipline that was imposed.  His punishment consisted of a 45-day restriction on commissary, phone, and visitation privileges, and a reduction in good-time classification.  We have not recognized a liberty interest in good time, class status, or privileges.  *Id.*  Because Perry's underlying petition clearly failed to state a colorable cause of action, there was no abuse of discretion in denying his petition to proceed as a pauper.

Affirmed.

HART, J., dissents.

*Joe Perry*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by:  *Daniel L. McFadden*, Ass't Att'y Gen., for appellee.

3