Cite as 2022 Ark. 30

# SUPREME COURT OF ARKANSAS
No. CV-21-157

| | |
|---|---|
| HOWARD TOGO WOOD<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS PAROLE BOARD, JOHN FELTS, AND ANDY SHOCK<br><br>APPELLEES | Opinion Delivered: February 17, 2022<br><br>PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION; PRO SE MOTION TO INTRODUCE NEW EVIDENCE [NO. 60CV-20-3844]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>AFFIRMED; MOTION DENIED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Howard Togo Wood appeals a Pulaski County Circuit Court's order granting a motion to dismiss filed by appellees Arkansas Parole Board, John Felts, and Andy Shock in Wood's action filed pursuant to the Administrative Procedure Act (APA), codified at Arkansas Code Annotated sections 25-15-201 through 25-15-220 (Repl. 2014 & Supp. 2021). Because Wood failed to state a sufficient basis for judicial review under the APA, we affirm.

## I. *Facts*

Wood pleaded guilty in July 2013 to the sexual abuse of A.S., who was fifteen years old at the time the abuse took place in March 2013. Wood was sentenced to 360 months', or thirty years', imprisonment in the Arkansas Department of Correction.

Wood subsequently filed a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). Wood's Rule 37.1 petition was denied by the trial court, and the denial was affirmed by this court. *Wood v. State*, 2015 Ark. 477, 478 S.W.3d 194.

On May 25, 2020, a parole hearing was conducted, and the parole board denied Wood parole for a two-year period of time based on the nature and seriousness of Wood's offense and the age of the victim. Wood requested reconsideration, and a second hearing was held on June 15, 2020. On June 29, the board ratified its first decision to deny Wood parole for two years.

Wood filed his petition for judicial review in the circuit court on July 14, 2021. In his petition, he alleged that he is entitled to judicial review of the denial of his parole under the APA because the appellees failed to adhere to parole statutes and the Arkansas Administrative Code in violation of his right to due process. The circuit court dismissed Wood's complaint on the basis that Wood had failed to state a colorable claim in that an inmate is not entitled to judicial review of administrative actions taken by the Arkansas Parole Board and its officers. *See* Ark. Code Ann. § 25-15-212(a) (Supp. 2021).

Wood timely filed his notice of appeal. After the record was filed and the briefs were submitted for review, Wood filed a motion to introduce new evidence in the course of this pending appeal. This court does not consider matters outside the record on appeal, and Wood's motion for new evidence is denied. *Miles v. State*, 350 Ark. 243, 250, 85 S.W.3d 907, 912 (2002).

## II. *Claims for Relief*

On appeal, Wood argues that the circuit court abused its discretion in dismissing his petition for judicial review. In his petition filed in the circuit court, Wood raised the following claims for judicial review under the APA: (1) the parole board did not consider thirteen factors required by the APA; (2) he was not allowed to present witnesses on his behalf to the board; (3) the parole hearing was conducted by phone; (4) the hearing was not conducted in privacy, while other inmates were provided with private hearings; (5) he was not afforded deliberations; and (6) the board's decision to deny him parole violated Arkansas Administrative Code 158.00.1 and Arkansas Code Annotated section 16-93-101 et seq. Wood alleged that the administrative regulations created a liberty interest to which due process attached. Wood further asserted that by violating the regulations and procedures in the administrative code, the board had violated his constitutional right to due process. Finally, Wood argued that while section 16-93-615 provides the parole board with discretion in its parole determinations involving inmates convicted of first-degree sexual assault, the appellees acted arbitrarily when it denied his parole. Wood cites the administrative regulations as a basis for his due-process claim, alleging that the regulations place limitations on the parole board's discretion.

## A. Applicable Law

Our standard of review for the granting of a motion to dismiss a petition for judicial review is whether the circuit court abused its discretion. *Muntaqim v. Payne*, 2021 Ark. 162, at 3, 628 S.W.3d 629, 634. An abuse of discretion occurs when the court has acted

3

improvidently, thoughtlessly, or without due consideration. *Id.*, 628 S.W.3d at 634. In reviewing the circuit court's decision on a motion to dismiss under Arkansas Rule of Civil Procedure 12(b)(6) (2020), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Id.*, 628 S.W.3d at 634. In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id.*, 628 S.W.3d at 634. However, our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id.*, 628 S.W.3d at 634. We treat only the facts alleged in the complaint as true, but not theories, speculation, or statutory interpretation. *Davis v. Kelley*, 2021 Ark. 63, at 5.

Judicial review of administrative complaints is generally unavailable to petitioners incarcerated in the Arkansas Department of Correction. *See* Ark. Code Ann. § 25-15-212(a) (stating in pertinent part that in cases of adjudication, any person may seek judicial review of an administrative action except an inmate under sentence to the custody of the Arkansas Department of Correction); *see also Perry v. State*, 2020 Ark. 32, at 2. An exception exists for review of an asserted constitutional violation. *Perry*, 2020 Ark. 32, at 2. This exception is not triggered merely by conclusory allegations of a constitutional violation. *Id.* at 2. When an inmate challenges an implementation of administrative policies and procedures, the petition must allege a constitutional question sufficient to raise a liberty interest. *Id.* Otherwise, the claim cannot fall within the classification of claims subject to judicial review. *Id.*

The Arkansas Board of Parole Policy Manual, amended on October 9, 2010, that is applicable to Wood's parole determination,[1] provides the board with discretionary authority in granting parole to inmates convicted of first-degree sexual assault. The regulations of the parole board make clear that discretionary transfer may be granted to an eligible person by the board when, in its opinion, there is a reasonable probability that the person can be released without detriment to the community. Ark. Admin. Code 158.00.1-2 (Westlaw, current through Nov. 15, 2021). Arkansas Code Annotated section 16-93-701(a)(1) (Supp. 2015) likewise applies to inmates convicted of first-degree sexual assault and states in pertinent part that the parole board may release on parole any eligible inmate who is confined in any correctional institution when in the board's opinion there is a reasonable probability that the inmate can be released without detriment to the community or himself.

This court has repeatedly held that there is no liberty interest in parole in Arkansas. *Null v. Ark. Parole Bd.*, 2019 Ark. 50, at 3, 567 S.W.3d 482, 483. In order to maintain an actionable procedural due-process claim, an inmate must show that he has been deprived of some constitutionally protected liberty or property interest. *Muntaqim*, 2021 Ark. 162, at 9, 628 S.W.3d 629, 637. In order for a parole statute or regulation to create a liberty interest it must contain particularized substantive standards or criteria which significantly guide parole decisions, and the statute must use mandatory language. *Hake v. Gunter*, 824 F.2d 610, 614

---

[1]Parole eligibility is determined by the law in effect when the crime is committed. *Bosnick v. Lockhart*, 283 Ark. 206, 209, 677 S.W.2d 292 (1984). In his arguments raised in the circuit court and on appeal, Wood relied on the regulations of 2015; however, the 2015 regulations also make clear that parole determination for Wood is discretionary.

(8th Cir. 1987). The above-cited statute and parole regulations do not contain particularized substantive standards guiding the board's decision with respect to inmates who are eligible for discretionary transfer, and the use of the term "may" means that a transfer determination is not mandatory.

Further, we have found that prison policy and procedures do not create a liberty interest to which due process can attach. *Perry*, 2020 Ark. 32, at 2. State statutes may create liberty interests that are entitled to the procedural due-process protections, but not every statute creates a liberty interest for due-process purposes. *Whiteside v. Ark. Parole Bd.*, 2016 Ark. 217, at 2, 492 S.W.3d 489, 490 (per curiam).

Arkansas parole statutes and the parole board policies and regulations do not create a protectable liberty interest in discretionary parole decisions, and Wood had no protectable liberty interest in having appellees follow their own policies. *Pittman v. Gaines*, 905 F.2d 199, 205 (8th Cir. 1990) (holding that the statute, which provides in pertinent part that the parole board may release an eligible prisoner under certain conditions, does not create a liberty interest in parole because the board's determinations regarding parole are discretionary); *Hamilton v. Brownlee*, 237 F. App'x 114, 115 (8th Cir. 2007) (per curiam) (concluding that Hamilton had no constitutionally protectable liberty interest in discretionary parole decisions); *Perry v. State*, 2020 Ark. 32, at 2 (stating that prison policies and regulations do not create a liberty interest to which due process can attach); *Ruiz v. Felts*, 2017 Ark. 85, at 3, 512 S.W.3d 626, 629 (per curiam) (stating that Arkansas statutes have not created a liberty interest in parole eligibility).

B. Discussion

Wood complains that the parole board failed to abide by its own policies and procedures. However, contrary to Wood's allegations, the record demonstrates that (1) the hearing was held by phone due to covid restrictions as well as technical problems with the computer system; (2) Wood was allowed to provide letters of support from various witnesses in lieu of their testimony; (3) following the hearing, deliberations were held by the members of the parole board on May 27, 2021, and five members of the board concurred with the decision to deny parole to Wood; (4) a reconsideration hearing was held wherein the original decision was ratified by five members of the board; and (5) Wood was provided with a copy of the risk assessment made in connection with his parole decision.

The policies and procedures of the parole board are analyzed to determine if they create a liberty interest that triggers constitutional due-process protection. However, constitutional due process is not measured by the degree to which these specific policies and procedures are followed. The United States Supreme Court has recently explained when a state creates a liberty interest, the Due Process Clause requires fair procedures for its vindication, and in the context of parole, these "fair" procedures are *minimal*. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curiam) (emphasis added). In fact, adequate due process includes allowing the inmate to be heard and providing an inmate with the reasons why parole has been denied. *Id.* at 220. The Court made clear that the Constitution does not require more. *Id.* at 220.

Here, Wood failed to demonstrate that the Arkansas parole procedures created a liberty interest in parole because due to the seriousness of his crime, granting parole is discretionary, and even if due process was required of the parole board in determining Wood's eligibility, the evidence demonstrates that Wood was provided with the full extent of process that was constitutionally required. In sum, Wood has failed to demonstrate a violation of his constitutional right to due process.

Finally, Wood claims a violation of the Equal Protection Clause because his parole hearing was not private while other inmates received private hearings. To sustain an equal protection claim, Wood must allege that he is a member of a protected class or that a fundamental right has been violated, and barring this, Wood had to allege that the board systematically and intentionally treated him differently from other similarly situated inmates and that there was no rational basis for the difference. *Nolan v. Thompson*, 521 F.3d 983, 989–90 (8th Cir. 2008). Wood has failed to sufficiently allege or demonstrate a basis for an equal protection claim. Thus, we hold that the circuit court did not abuse its discretion when it dismissed Wood's complaint for failing to state a claim for relief pursuant to the APA because Wood failed to show a constitutional violation.

Affirmed.

*Howard Togo Wood*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Samuel J. West*, Ass't Att'y Gen., for appellee.