Cite as 2025 Ark. 191

# SUPREME COURT OF ARKANSAS

**No.** CV–24–751

|  |  |
|---|---|
| CHARLES HAMNER | **Opinion Delivered:** December 4, 2025 |
| APPELLANT | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTEENTH DIVISION [NO. 60CV-24-1497] |
| V. | |
| ARKANSAS POST-PRISON TRANSFER BOARD | HONORABLE MORGAN E. WELCH, JUDGE |
| APPELLEE | AFFIRMED. |

**BARBARA W. WEBB, Justice**

Charles Hamner appeals from the Pulaski County Circuit Court order granting the Arkansas Post-Prison Transfer Board's (the Board's) motion to dismiss. Hamner had filed a petition pursuant to the Administrative Procedure Act (APA) seeking judicial review of the denial of his parole. He alleged that the Board violated the Arkansas Constitution and Arkansas Code Annotated sections 16-93-612 and -615 (Supp. 2013) when the Board transferred him from the Arkansas Division of Community Correction (ADCC) to the Arkansas Division of Correction (ADC) and thereafter denied parole. In dismissing his petition without prejudice, the circuit court found that Hamner's complaint is barred under Arkansas Code Annotated section 25-15-212 and that he therefore failed to state a claim upon which relief may be granted. We affirm.

Hamner is currently serving an aggregate sentence of 420 months, or thirty-five years, imprisonment for kidnapping, residential burglary, and theft of property imposed in January

2015.[1] The record indicates that Hamner was eligible for transfer and was paroled in March 2020. On May 2, 2021, Hamner was charged with aggravated assault with a knife on a family member and terroristic threatening. Hamner subsequently waived his right to a revocation hearing and instead agreed to a ninety-day supervision program in the ADCC conditioned on his ability to maintain good behavior by an agreement that Hamner signed on May 12, 2021. The waiver agreement specified that Hamner's release on parole in ninety days was optional and that he would be considered for parole at the end of that period.

In June 2021, Hamner was transferred back to the ADC because he failed to maintain good behavior by refusing to obey an order and threatening an officer in the facility. Following his transfer, Hamner applied for parole in 2022 and 2024 and was denied. Hamner alleges that on February 9, 2024, the ADC issued a final decision with respect to his entitlement to parole, and he filed his petition for judicial review on February 21, 2024. The APA bars inmates from challenging a parole decision through judicial review: "In cases of adjudication, any person, *except an inmate under sentence to the custody of the Department of Correction*, who considers himself or herself injured in his or her person, business, or property by final agency action shall be entitled to judicial review of the action under this subchapter." Ark. Code Ann. § 25-15-212(a) (emphasis added). In *Whiteside v. Arkansas Parole Board*, 2016 Ark. 217, at 2, we held that the APA does not provide inmates an avenue for relief absent a claim sufficient to create a liberty interest.

In an attempt to create an APA cause of action, Hamner claimed that Arkansas Code Annotated section 16-93-615(a)(2)(B) creates a liberty interest. He asserts that it gives the Board

---

[1]The record does not contain a sentencing order, and from ADC records, it appears that the crimes were committed in 2012 in Arkansas County and 2013 in Pulaski County.

only two choices with respect to inmates who have not been convicted of certain statutorily enumerated crimes: either transfer them to the Department of Community Correction with or without conditions, or deny the transfer based on established criteria accompanied with a course of action to be undertaken by the inmate. Hamner argues that this statutory provision eliminates the Board's discretion in granting parole and therefore gives rise to a liberty interest in parole. On appeal, Hamner raises the same argument raised in the circuit court that he is entitled to a review of his parole denial because it violates his constitutional right to parole pursuant to section 16-93-615(a) because he did not commit a discretionary offense listed in section 16-93-615(b). Hamner also alleges that he was denied due process when the ADCC determined, without conducting a hearing, that he had failed to maintain good behavior. Hamner contends that the ADC and the ADCC failed to follow their own policies with regard to his entitlement to hearing. This argument is not persuasive.        Our standard of review for the grant of a motion to dismiss a petition for judicial review is whether the circuit court abused its discretion. *Wood v. Ark. Parole Bd.*, 2022 Ark. 30, 639 S.W.3d 340. An abuse of discretion occurs when the court has acted improvidently, thoughtlessly, or without due consideration. *Id.*

We have previously rejected the argument that Arkansas statutes create a liberty interest in parole. *Millsap v. Kelley*, 2016 Ark. 406, at 2. The *Millsap* court held that "the statute which provides in pertinent part that the parole board may release an eligible prisoner under certain conditions, does not create a liberty interest in parole because the board's determinations regarding parole are discretionary. *Id*. Second, "no liberty interest . . . is created unless the state statute or regulation involved uses mandatory language and imposes substantive limits on the discretion of state officials." *Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008). The

Board may parole inmates incarcerated with the ADC "when in the board's opinion there is a reasonable probability that the inmate can be released without detriment to the community or himself or herself and is able and willing to fulfill the obligations of a law-abiding citizen." Ark. Code Ann. § 16-93-701(a). This language unambiguously places parole determinations within the Board's discretion. Accordingly, the statutes pertaining to parole do not grant the judiciary jurisdiction over how parole eligibility is determined or the conditions to be placed on it once the sentence is placed into execution. *See, e.g.*, *Richie v. State*, 2009 Ark. 602, 357 S.W.3d 909; *Ark. Dep't of Corr. v. Stapleton*, 345 Ark. 500, 51 S.W.3d 862 (2001). We hold that the circuit court properly dismissed Hamner's petition.

As a final matter, the circuit court correctly assessed Hamner a strike under Arkansas Code Annotated section 16-68-607. That statute prohibits an inmate from filing civil lawsuits or appeals as an indigent without paying the full filing fees when the inmate has "on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action that is frivolous, malicious, or fails to state a claim upon which relief may be granted." After three frivolous cases or "strikes," an inmate must pay the full filing fees to pursue further litigation.

Affirmed.

Special Justice BRIAN LESTER joins.

WOMACK, J., concurs.

BRONNI, J., not participating.

**SHAWN A. WOMACK, Justice, concurring.** I join the court's decision to affirm the dismissal of Charles Hamner's lawsuit against the Arkansas Post-Prison Transfer Board. The circuit court, however,

should have dismissed Hamner's lawsuit because of sovereign immunity.[1]  There are no constitutionally based exceptions to lawsuits against the State that challenge the denial of parole under the Administrative Procedure Act.[2]

For this reason, I respectfully concur.

*Charles Hamner*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *John Michael Bynum*, Ass't Att'y Gen., for appellee.

---

[1]Ark. Const. art. 5, § 20; *Perry v. Payne*, 2022 Ark. 112, at 5–6 (Womack, J., dissenting).

[2]*Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).