Cite as 2022 Ark. 112

# SUPREME COURT OF ARKANSAS
**No.** CV–21–467

|  |  |
|---|---|
| | **Opinion Delivered:** May 26, 2022 |
| CALVIN PERRY AND MARCUS ATKINS | |
| **APPELLANTS** | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-20-540] |
| V. | |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION | HONORABLE JODI RAINES DENNIS, JUDGE |
| **APPELLEE** | REVERSED AND REMANDED WITH DIRECTIONS. |

**RHONDA K. WOOD, Associate Justice**

In 2007, Calvin Perry, Marcus Atkins, and Kyron Watkins were jointly tried and convicted for their participation in a criminal episode that involved kidnapping, battery, firearms, and the presence of a minor. *See Watkins v. State*, 2009 Ark. App. 124, 302 S.W.3d 635. The acts were committed in April 2007. All three received differing sentences. Perry and Atkins bring this appeal from the denial of their petition for declaratory judgment, writ of mandamus, and request for injunctive relief. They contend the Arkansas Division of Correction is wrongfully calculating the parole eligibility on their fifteen-year sentence enhancement for committing a felony with a firearm. The State concedes error on this issue, and we reverse and remand with directions.

Perry and Atkins brought the petition in the circuit court objecting to the Division's calculation of their parole eligibility. Together with varying convictions on battery,

kidnapping, and other charges, both had received consecutive fifteen-year enhancements for use of a firearm in the commission of a felony under Arkansas Code Annotated section 16-90-120 (Supp. 2021). They alleged that Dexter Payne, as Director, was improperly requiring them to serve 70 percent of the enhancement sentence before they would be eligible for parole. Directly, the issue was whether the Division was incorrectly applying the parole-eligibility statute for crimes committed after July 2, 2007, when their crimes were committed in April 2007. [1]

The circuit court held a hearing where appellants argued the Division should treat their firearm enhancement as an unclassified felony, which is subject to parole eligibility after either one-half or one-third of the sentence has been served. The circuit court denied the petition in June 2021. Appellants then filed this appeal.

While this appeal was proceeding, this court considered the same issue in another matter. *See Rogers v. Ark. Dep't of Corr.*, 2022 Ark. 19, 638 S.W.3d 265. There, the defendant had been convicted in 2006 and received a fifteen-year enhancement for using a firearm under Arkansas Code Annotated section 16-90-120. We held the enhancement was subject to the parole-eligibility law in place when the offense was committed. *Id*. at 4, 638 S.W.3d at 268. Thus, we concluded the enhancements should be treated like unclassified felonies and that the governing parole-eligibility law for that enhancement was Arkansas

---

[1]Arkansas Code Annotated section 16-90-120(e)(1) requires any person sentenced to a firearm enhancement, for certain underlying felonies committed after July 2, 2007, to serve 70 percent of the enhancement.

Code Annotated section 16-93-1301 (Supp. 2005). This statute provides parole eligibility after serving either one-half or one-third of the sentence, depending on the circumstances.[2]

The State, recognizing the recent *Rogers* holding, concedes error here. As in *Rogers*, parole eligibility for Perry and Atkins should be calculated based on section 16-93-1301. We therefore reverse the circuit court's order and remand with directions for the court to issue the writ of mandamus and order the Division to calculate parole eligibility consistent with this opinion.

As a final point, we have no basis to address sovereign immunity under article 5, section 20 of the Arkansas Constitution. A majority of this court has stated that "sovereign immunity certainly has jurisdictional qualities" but that those are more like personal jurisdiction because the immunity protects a particular defendant (i.e., "the State") from suit. *See Walther v. FLIS Enters., Inc.*, 2018 Ark. 64, at 4–5, 540 S.W.3d 264, 267. We therefore treat sovereign immunity like an affirmative defense that a party must first raise below.[3] *Id.* at 5, 540 S.W.3d at 267; *see also id.* at 16, 540 S.W.3d at 273 ("I join the majority

---

[2]"All other classified or unclassified felons who are incarcerated therefor shall be eligible for transfer to community punishment after having served one-third (1/3) or one-half (1/2), with credit for meritorious good time, of their sentences depending on the seriousness determination made by the Arkansas Sentencing Commission, or one-half (1/2), with credit for meritorious good time, of the time to which their sentences are commuted by executive clemency." Ark. Code Ann. § 16-93-1301(c)(3)(A), repealed by Act 570 of 2011.

[3]The constitution contains no explicit mandate that immunity under article 5, section 20 be treated like an affirmative defense, as a question of subject-matter jurisdiction, or something in between. But a majority of this court has adopted the view that the immunity should be treated like an affirmative defense. This is our law. No sound argument has been raised that would permit us to ignore stare decisis and, volte-face, suddenly treat sovereign immunity as implicating subject-matter jurisdiction.

. . . in holding that sovereign immunity is to be applied as an affirmative defense that must be raised by the parties below.") (Womack, J., concurring in part and dissenting in part). The State of Arkansas agrees. Here, the State not only never raised the defense but also conceded that mandamus should issue "order[ing] the ADC to compute appellants' parole eligibility for their sentencing enhancement in a manner consistent with *Rogers*." App. Brief at 8.

And sovereign immunity doesn't deprive courts of their jurisdiction over the subject matter of mandamus. What's more, a separate constitutional provision affords a positive grant of power to issue the writ. Amendment 80, § 10 provides that "the General Assembly shall have the power to establish jurisdiction of all courts." Through this provision, the legislature empowered circuit courts with subject-matter jurisdiction to issue writs of mandamus. Ark. Code Ann. § 16-115-102. Amendment 80, § 10, being a more recent and specific constitutional provision than article 5, § 20, controls in the event of any conflict. *See Rutledge v. Remmel*, 2022 Ark. 86, at 8; *Chesshir v. Copeland*, 182 Ark. 425, 428, 32 S.W.2d 301, 302 (1930).

Reversed and remanded with directions.

BAKER and WYNNE, JJ., concur.

WOMACK, J., dissents.

**ROBIN F. WYNNE, Justice, concurring.** I cannot join the majority opinion in full because I disagree with this court's treatment of sovereign immunity as an affirmative defense. *Harris v. Hutchinson*, 2020 Ark. 3, at 9–10, 591 S.W.3d 778, 783–84 (Wynne, J., concurring); *Wilson v. Ark. Dep't of Human Servs.*, 2018 Ark. 358, at 8–9, 562 S.W.3d 201,

205 (Wynne, J., dissenting); *Walther v. FLIS Enters., Inc.*, 2018 Ark. 64, at 14, 540 S.W.3d 264, 272 (Wynne, J., concurring). In any event, as the majority explains, sovereign immunity does not bar this mandamus action.

I respectfully concur.

**SHAWN A. WOMACK, Justice, dissenting.** While the Arkansas Division of Correction plainly erred in calculating appellants' parole eligibility for their firearm enhancement, relief is barred by article 5, section 20 of the Arkansas Constitution. *See Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 16, 639 S.W.3d 319, 327 (Womack, J., dissenting). Although I share the majority's concern that a plain reading of article 5, section 20 forecloses any judicial remedy, we cannot ignore our constitutional mandate simply because it presents an uncomfortable truth.

The majority responds to my position on sovereign immunity by offering two distinct reasons for why the doctrine should not apply in this case. It argues that sovereign immunity is treated as an affirmative defense and the State's failure to raise the defense below precludes the doctrine's application. Requiring the State to raise the issue effectively allows a State entity to waive sovereign immunity "either as a result of poor lawyering skills, negligent omission, or even as a matter of trial strategy." *Walther v. FLIS Enters.*, 2018 Ark. 64, at 23–24, 540 S.W.3d 264, 276 (Baker, J., dissenting). This conflicts with the constitution's unequivocal command that "[t]he State of Arkansas shall *never* be made defendant in any of her courts." Ark. Const. art. 5, § 20 (emphasis added). Thus, immunity applies regardless of the State's inaction.

The majority also argues that through Amendment 80, § 10, our courts are vested with jurisdiction to issue writs of mandamus. This provision states that "[t]he General Assembly shall have the power to establish jurisdiction of all courts and venues of all actions therein, *unless otherwise provided in this Constitution*." Ark. Const. amend. 80, § 10 (emphasis added). According to the majority, this provision empowered the legislature to enact Ark. Code Ann. § 16-115-102 (Rep. 2016), which grants circuit courts jurisdiction to issue writs of mandamus. Yet the presence of the language "unless otherwise provided in this Constitution" makes explicit that Amendment 80, § 10 yields to more specific jurisdictional provisions within the constitution, such as article 5, § 20. *See Bd. of Trs. of the Univ. of Ark. v. Andrews*, 2018 Ark. 12, at 5, 535 S.W.3d 616, 619 ("Sovereign immunity is jurisdictional immunity from suit."). Mandamus actions against State actors therefore remain constitutionally infirm.

In sum, we are presented with an unfortunate situation in which appellants are entitled to relief, yet no judicial relief exists under our constitution. To reconcile this incongruity, the General Assembly should consider proposing to the electors of this state a constitutional amendment that addresses sovereign immunity, the extent of its application, and the existence of any exceptions or an acceptable method of creating exceptions. *See* Ark. Const. art. 19, § 22. Until such time, the clear language of our constitution controls.

I respectfully dissent.

*Craig Lambert*, for appellants.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.