Cite as 2023 Ark. 184

# SUPREME COURT OF ARKANSAS

No. CV–23–284

|  |  |  |
|---|---|---|
| MICHAEL JENKINS | | **Opinion Delivered:** December 7, 2023 |
| | APPELLANT | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| V. | | [NO. 35CV-22-673] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION; AND GLEENOVER KNIGHT, KEEPER OF THE RECORDS | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEES | AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED. |

**BARBARA W. WEBB, Justice**

Michael Jenkins appeals from the denial of his pro se petition for writ of "mandamus/prohibition" filed in Jefferson County, which is the county where he is incarcerated. The circuit court held that Jenkins had failed to state a ground for a writ to issue. We find no error and affirm.[1]

In 2018, a Phillips County jury found Jenkins guilty of first-degree sexual assault. He was sentenced to 180 months' imprisonment. The court of appeals affirmed. *Jenkins v. State*, 2019 Ark. App. 419, 582 S.W.3d 32.

In 2022, Jenkins filed a petition alleging that the director of the Arkansas Department of Correction (ADC) and the record keeper for the ADC had incorrectly determined that

---

[1]Jenkins also asks that counsel be appointed to represent him on appeal. Because there is clearly no merit to the appeal, the motion is denied.

he was not eligible for parole pursuant to Arkansas Code Annotated section 16–93–609(b) (Repl. 2016). He argued that the application of the statute was an ex post facto violation because it was based on his 1981 convictions in Illinois for armed robbery and home invasion, and section 16–93–609 was not in effect when he committed those offenses. The statute provides that an offender who is convicted of a felony sexual offense who had previously been convicted of a felony involving violence is not eligible for parole. Jenkins did not contest the fact that he had been convicted of the prior offenses. In this appeal, Jenkins argues that he was entitled to issuance of a writ of mandamus to compel the ADC and its records supervisor to determine his eligibility for parole without application of the statute.

A writ of mandamus can be sought to adjudicate the calculation by the ADC of a prisoner's parole eligibility. *See Ark. Parole Bd. v. Johnson*, 2022 Ark. 209, 654 S.W.3d 820. A writ of mandamus is issued only to compel an official or a judge to take some action, and when requesting a writ, a petitioner must show a clear and certain right to the relief sought and the absence of any other remedy. *Arkansas Democrat-Gazette v. Zimmerman*, 341 Ark. 771, 20 S.W.3d 301 (2000). We review a circuit court's denial of a petition for writ of mandamus for an abuse of discretion. *Martz v. Felts*, 2019 Ark. 297, 585 S.W.3d 675.

Parole eligibility falls clearly within the domain of the executive branch, specifically the ADC, as fixed by statute. Ark. Code Ann. § 16–93–609(b)(1); *Jefferson v. Payne*, 2022 Ark. 4, 637 S.W.3d 264. The ADC must determine parole eligibility by the law in effect when the offense was committed. *Rogers v. Ark. Dep't of Corr.*, 2022 Ark. 19, 638 S.W.3d 265. To do otherwise would be unconstitutional as an ex post facto law.

Here, there is no ex post facto violation in the ADC's application of the statute to Jenkins's eligibility for parole. Arkansas Code Annotated section 16-93-609(b) was enacted pursuant to Act 1805 of 2001 and eliminates parole eligibility for persons who committed a felony sex offense after August 13, 2001, who have been previously convicted of a violent felony offense or any felony sex offense. The statute defines a "violent felony offense" by means of offenses listed in Arkansas Code Annotated section 5-4-501(d)(2) (Repl. 2015), which includes aggravated robbery, residential burglary, and any "conviction of a comparable felony involving violence from another jurisdiction." Ark. Code Ann. § 5-4-501(d)(2); § 16-93-609(b)(2). The sentencing order reflects that Jenkins was convicted of first-degree sexual assault committed in 2016 and was sentenced in 2018. Jenkins's prior offenses of armed robbery and home invasion committed in Illinois prior to enaction of the Act constituted a basis for application of section 16-93-609(b)(2) to Jenkins who committed the offense of first-degree sexual assault in 2016.

Affirmed; motion for appointment of counsel denied.

WOOD, J., concurs.

WOMACK, J., dissents.


**SHAWN A. WOMACK, Justice, dissenting.** Appellant's request for relief is barred by article 5, section 20 of the Arkansas Constitution.[1] Because there is not an express

---

[1] *See, e.g.*, *Perry v. Payne*, 2022 Ark. 112, at 5 (Womack, J., dissenting).

constitutional provision that allows the State to be a defendant in this context, dismissal is proper.[2] For the reasons set forth in my dissent in *Perry v. Payne*, I respectfully dissent.[3]

*Michael Jenkins*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.

---

[2]*Id.*

[3]*Id.*