Cite as 2023 Ark. 177

# SUPREME COURT OF ARKANSAS

**No.** CV–23–300

| | | |
|---|---|---|
| MAURICE TRAMMEL | | **Opinion Delivered:** December 7, 2023 |
| | APPELLANT | PRO SE APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT |
| V. | | [NO. 09CV-22-107] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | HONORABLE ROBERT B. GIBSON III, JUDGE |
| | APPELLEE | AFFIRMED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Maurice Trammel appeals from the denial of his petition to proceed in forma pauperis in seeking a declaratory judgment and a writ of mandamus. For reversal, Trammel argues that the circuit court did not provide sufficient findings setting forth the basis for its conclusion that Trammel had failed to state a colorable cause of action. Because Trammel's underlying petition fails to state a colorable cause of action, we affirm.

## I. *Facts*

In September 2018, Trammel pleaded nolo contendere to aggravated robbery, theft of property, and furnishing prohibited items. Trammel was sentenced to 240 months' imprisonment with 60 months' suspended imposition of the sentence for his aggravated-robbery conviction. Trammel was concurrently sentenced to 240 months' imprisonment for his theft conviction and 240 months' imprisonment for his furnishing-prohibited-items conviction. The sentencing order reflects that he was sentenced as a habitual offender

pursuant to Arkansas Code Annotated section 5-4-501(a)(1)(A)(ii) (Supp. 2017). The record also contains the amended information, which included the habitual-offender charge.

On October 17, 2022, Trammel filed a petition for leave to proceed in forma pauperis and a petition for declaratory judgment, writ of mandamus, and request for injunctive relief. In his petition, Trammel contended that he was entitled to declaratory relief because there was no proof offered by the State that he was a habitual offender who had committed more than one but less than four felonies pursuant to Arkansas Code Annotated section 5-4-501(a) (Supp. 2017). Trammel alleged in the petition for declaratory relief filed in the circuit court that because the State failed to provide proof of his prior felony convictions, the sentencing order should be declared illegal, which would shorten the period of his parole eligibility. The circuit court found that Trammel was indigent but that he had failed to state a colorable cause of action for declaratory relief.

Trammel appeals the circuit court's denial of his in forma pauperis petition and argues that the circuit court erroneously concluded that he had failed to state a colorable cause of action.

## II. *Standard of Review, Declaratory Judgment, and Writ of Mandamus*

Our standard of review of a decision to grant or deny a petition to proceed in forma pauperis is abuse of discretion. *Berger v. Bryant*, 2020 Ark. 157, at 2, 598 S.W.3d 36, 38. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Id.*, 598 S.W.3d at 38. If the underlying petition clearly fails to state a colorable cause of action, there has been no abuse of discretion, and this court may summarily affirm the denial of in forma pauperis status. *Id.*, 598 S.W.3d at 38. A colorable cause of action is a claim that is legitimate

and may be reasonably asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *Id.*, 598 S.W.3d at 38.

The purpose of a declaratory judgment is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. *Rogers v. Knight*, 2017 Ark. 267, at 2, 527 S.W.3d 719, 721. Declaratory relief may be granted if the petitioner establishes (1) a justiciable controversy; (2) that the controversy is between persons whose interests are adverse; (3) that the party seeking relief has a legal interest in the controversy; and (4) that the issue involved in the controversy is ripe for judicial determination. *Id.* at 2–3, 527 S.W.3d at 721. A justiciable controversy is when a claim of right is asserted against one who has an interest in contesting it. *Id.* at 3, 527 S.W.3d at 721. A case is nonjusticiable when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.*, 527 S.W.3d at 721. The question whether there was an absence of a justiciable issue shall be reviewed de novo on the record of the circuit court. *Id.*, 522 S.W.3d at 792.

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Harmon v. Noel-Emsweller*, 2022 Ark. 26, at 2. A petitioner must show a clear and certain right to the relief and that there is no other remedy. *Id.* Unless a petitioner can establish a right to declaratory judgment, there is no basis for a writ of mandamus. *Waller v. Kelley*, 2016 Ark. 252, at 5–6, 493 S.W.3d 757, 761. The standard of review on a denial of a writ of mandamus is likewise whether the circuit court abused its discretion. *Andrews v. Payne*, 2023 Ark. 129, at 3, 674 S.W.3d 450, 452.

III. *Claims for Relief*

It is clear from the face of Trammel's petition that there is no justiciable controversy, and Trammel has no legally protectible interest. Trammel named the director of the Arkansas Department of Correction (ADC) as the respondent in his petition for relief, arguing that the ADC has denied him parole on the basis of his habitual-offender status, which Trammell challenges as being illegally imposed. Trammel's petition assumes that the director of the ADC has authority to modify his sentencing order by eliminating the habitual-offender enhancement reflected in the order entered by the circuit court. While the ADC has exclusive authority to determine parole eligibility, it does not have the authority, either by statute or case law, to modify a sentence imposed by a circuit court. *See, e.g.*, *Ward v. Kelley*, 2016 Ark. 471, at 4, 506 S.W.3d 224, 226 (per curiam). Therefore, the director of the ADC does not have a legal interest in, or the authority to contest, a sentence enhancement imposed by a circuit court. Trammel does not have a claim of right to compel the ADC to nullify a sentence enhancement.

Further, Trammel's petition for declaratory relief is a claim for postconviction relief in that he is collaterally attacking a sentence that was placed into execution in 2018 on grounds that should have been raised in timely postconviction petitions. A collateral attack challenging a guilty plea, as well as the sentencing orders entered therein, is not cognizable in a petition for declaratory judgment. *See, e.g.*, *Johnson v. State*, 340 Ark. 413, 414, 12 S.W.3d 203, 204 (2000) (per curiam). A declaratory-judgment action is neither a substitute for an appeal nor a substitute for petitions for postconviction relief. *Wise v. Norris*, 2011 Ark. 362, at 2. Trammel's petition for declaratory relief seeks to set aside a sentence that

Trammel alleges was illegally imposed. Declaratory judgments are not ordinarily granted when another adequate remedy is available. *Jegley v. Picado*, 349 Ark. 600, 80 S.W.3d 332 (2002). Here, Trammel had adequate postconviction remedies pursuant to either Arkansas Code Annotated section 16-90-111 (Repl. 2016) or Rule 37.1 of the Arkansas Rules of Criminal Procedure. However, the time limitations for filing a petition under section 16-90-111 alleging that the sentence was imposed in an illegal manner were superseded by Arkansas Rule of Criminal Procedure 37.2(c). *See Green v. State*, 2021 Ark. 19, at 3, 615 S.W.3d 389, 392. Trammel's sentencing order was entered in September 2018; therefore, under Rule 37.2(c), his claims that his sentence was illegally imposed are barred as untimely. *Id.*, 615 S.W.3d at 392. In sum, Trammel does not have a legally protected interest.

Moreover, a guilty plea is, in itself, a conviction, and an admission of all elements of the charges constitutes a waiver of any defense other than a jurisdictional claim. *Waller v. State*, 2020 Ark. 381, at 6. Trammel was charged as a habitual offender and pleaded guilty to all the charges, including his habitual-offender status. Trammel's challenge to the sufficiency of the evidence supporting his habitual-offender status was not a jurisdictional issue and was therefore waived by his guilty plea. *Id.*

Because there is no right to declaratory judgment, there is no basis for the issuance of a writ of mandamus. *Waller*, 2016 Ark. 252, at 5–6, 493 S.W.3d at 761. Based on our de novo review, we hold that the circuit court did not abuse its discretion when it found that Trammel had failed to state a colorable cause of action in that he had not stated a justiciable controversy that would entitle him to declaratory relief. Accordingly, we affirm the circuit court's denial of Trammel's in forma pauperis petition.

Affirmed.

WOOD, J., concurs.

WOMACK, J., dissents.

**SHAWN A. WOMACK, Justice, dissenting.** Appellant's request for relief is barred by article 5, section 20 of the Arkansas Constitution.[1] Because there is not an express constitutional provision that allows the State to be a defendant in this context, dismissal is proper.[2] For the reasons set forth in my dissent in *Perry v. Payne*, I respectfully dissent.[3]

*Maurice Trammell*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

---

[1] *See, e.g.*, *Perry v. Payne*, 2022 Ark. 112, at 5 (Womack, J., dissenting).

[2] *Id.*

[3] *Id.*