Cite as 2024 Ark. 94

# SUPREME COURT OF ARKANSAS

**No.** CV–23–422

| | |
|---|---|
| CALVIN ANDRA ROBINSON[1] | **Opinion Delivered:** May 23, 2024 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| V. | [NO. 35CV-22-967] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEE | <u>AFFIRMED</u>. |

**KAREN R. BAKER, Associate Justice**

Appellant Calvin Andra Robinson[1] appeals from the circuit court's order dismissing his petition for declaratory judgment and writ of mandamus. In his petition, Robinson sought a declaration that the Arkansas Division of Correction (ADC) had erroneously classified him as a second offender and miscalculated his discharge date and his parole eligibility in violation of the parole statute in effect when he committed the crimes in 1980 and 1981. Robinson also alleges that the ADC violated his right to due process. The circuit court dismissed his petition because Robinson had failed to plead sufficient facts to support his request for declaratory and mandamus relief. We affirm.

---

[1]Calvin Robinson has also been known as Kevin Robinson and Bilal Ali Salam. *See Salam v. State*, 300 Ark. 630, 781 S.W.2d 30 (1989); *Robinson v. State*, 275 Ark. 473, 631 S.W.2d 294 (1982).

## I. *Background*

In July 1981, Robinson was convicted of rape and attempted rape and sentenced to consecutive prison terms of fifty years and twenty years, respectively. We affirmed. *Robinson*, 275 Ark. 473, 631 S.W.2d 294. While Robinson was incarcerated following his July conviction, he was again convicted of rape in October 1981 and was sentenced to an additional twenty-five years' imprisonment. The Arkansas Court of Appeals affirmed. *Robinson v. State*, CACR 82-15 (Ark. App. Aug. 25, 1982) (unpublished). On November 19, 1981, appellant was convicted a third time for attempted rape and sentenced to an additional consecutive term of twenty-five years' imprisonment. This court granted a belated appeal of the conviction. *Salam v. State*, 301 Ark. 347, 783 S.W.2d 63 (1990). The court of appeals subsequently affirmed. *Salam v. State*, CACR 90-75 (Ark. App. June 5, 1991) (unpublished). The sentences for all the above-described offenses were imposed to run consecutively for an aggregate term of 120 years' imprisonment. Robinson was classified as a first offender pursuant to Arkansas Statutes Annotated section 43-2828 (Repl. 1977) because, although Robinson had been convicted of more than one offense, it was the first time Robinson had been incarcerated in the ADC.

According to the record, Robinson was paroled by the ADC in November 2008, but his parole was revoked in 2013 for failure to register as a sex offender. Robinson was sentenced to sixty months'—or five years'—imprisonment, which was imposed to run concurrently with the undischarged portion of Robinson's original sentences for rape and

2

attempted rape.[2]  Failure to register as a sex offender is a Class C felony.  *See* Ark. Code

Ann. § 12-12-904 (Repl. 2009).  Robinson was returned to the ADC in October 2013.

## II.  *Standard of Review*

Our standard of review with respect to bench trials involving declaratory-judgment

actions is whether the court's findings were clearly erroneous or clearly against the

preponderance of the evidence.  *Bryant v. Osborn*, 2014 Ark. 143.  A finding is clearly

erroneous when, although there is evidence to support it, the reviewing court is left with a

firm conviction that a mistake has been made.  *Id.*  The standard of review of a circuit court's

grant or denial of a petition for writ of mandamus is whether the circuit court abused its

discretion.  *Rogers v. Ark. Dep't of Corr.*, 2022 Ark. 19, 638 S.W.3d 265.  A circuit court

abuses its discretion when it makes a decision that is arbitrary and capricious.  *Id.*

## III.  *Law & Analysis*

The purpose of a declaratory-judgment action is to settle and afford relief from

uncertainty and insecurity with respect to rights, status, and other legal relations.  *Sims v.*

*Payne*, 2023 Ark. 187, 678 S.W.3d 766.  Declaratory relief may be granted if it has been

established that (1) there is a justiciable controversy; (2) the controversy is between persons

whose interests are adverse; (3) the party seeking relief has a legal interest in the controversy;

---

[2]Robinson argues that the sentence for failure to register as a sex offender should have been imposed consecutively pursuant to Arkansas Code Annotated section 16-93-604(d)(1) (Repl. 2006), which states, in pertinent part, that when a convicted felon, while on parole, is convicted of another felony, the sentence for the subsequent felony is to be served consecutively to the sentence for the previous felony.  However, that subdivision states that it is applicable to felonies committed between 1977 and 1983.  *See Abdullah v. Lockhart*, 302 Ark. 506, 790 S.W.2d 440 (1990).  Although Robinson's original felonies occurred in 1980 and 1981, which is within that time frame, Robinson's second felony offense was committed in 2013 while he was on parole.

and (4) the issue involved in the controversy is ripe for judicial determination. *Id*. A case is nonjusticiable when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id*. A legal interest in the controversy means that the party seeking declaratory relief must have a legally protectable interest. *Id*. A declaratory judgment will not be granted unless the danger or dilemma is present, not contingent on the happening of hypothetical future events; the prejudice must be actual and genuine and not merely possible, speculative, contingent, or remote. *Id*. The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Id*. One who seeks mandamus relief must show a clear and certain right to relief and that there is no other remedy. *Id*. There is no right to a writ of mandamus unless the right to declaratory relief has been established. *Id*.

Parole eligibility falls clearly within the domain of the executive branch, specifically the ADC, as fixed by statute. *Jenkins v. Payne*, 2023 Ark. 184, 678 S.W.3d 770. The ADC must determine parole eligibility by the laws in effect when the offense was committed. *Rogers*, 2022 Ark. 19, 638 S.W.3d 265. To do otherwise would be unconstitutional as an ex post facto law. *Id*. The defendant is charged with knowledge that if he or she commits an additional offense, parole eligibility will be determined in accordance with the law in effect at the time the last felony was committed. *Davis v. Kelley*, 2018 Ark. 182, 547 S.W.3d 54.

Arkansas parole statutes and parole-board policies and regulations do not create a protectable liberty interest in discretionary parole decisions, and an inmate has no protectable liberty interest in having the ADC follow its own policies. *Wood v. Ark. Parole*

4

*Bd.*, 2022 Ark. 30, 639 S.W.3d 340 (citing *Perry v. State*, 2020 Ark. 32). Additionally, parole eligibility is determined by the law in effect when the crime is committed. *Harmon v. Noel-Emsweller*, 2022 Ark. 26. Generally, the determination of parole eligibility is solely within the province of the ADC. *Id.* Declaratory and mandamus relief may be appropriate if the ADC has acted ultra vires, has acted beyond its legal authority, or has failed to adhere to a parole statute. *Id.*

Robinson contended both in the petition filed in the circuit court and in his arguments on appeal that the ADC has illegally classified him as a second offender and, consequently, miscalculated his minimum "discharge date" as one-half of his sentence of 120 years' imprisonment. Robinson argues that he should have been classified as a first offender and entitled to a discharge date of one-third of his aggregated sentence of 120 years' imprisonment.

In his argument that the ADC acted without authority in classifying him as a second offender, Robinson relies on Act 93 of 1977, codified at Arkansas Code Annotated sections 16-93-603 and 16-93-604 (1987).[3] Robinson also alleges that the ADC has violated its own policies pertaining to his discharge date and parole eligibility and has therefore violated his right to due process. According to Robinson, the ADC's alleged unauthorized classification was made when he was first incarcerated in 1981 and has continued through his reincarceration following his parole revocation.

---

[3]The law in effect when Robinson was convicted in 1981 for crimes committed in 1980 was Act 93 of 1977, codified at Arkansas Statutes Annotated sections 43-2828 and 43-2829 (Repl. 1977). There have been no substantive changes since Act 93 was first enacted, and it remains applicable to offenses committed between 1977 and 1983.

Robinson contends on appeal that he is currently entitled to a minimum discharge date based on one-third of his 120-year sentence, rather than one-half. Robinson asked the circuit court to compel the ADC to amend his minimum release date from 2041[4] to 2021. On appeal, Robinson raises the specific argument that he is entitled to immediate release on the basis of his allegations. Arguments raised for the first time on appeal have been waived and will not be addressed. *Cullen v. State*, 2023 Ark. 172, 678 S.W.3d 20. However, to the extent that Robinson claimed declaratory and mandamus relief for the purpose of amending his discharge date to trigger an immediate release, he has failed to state sufficient facts or provide evidence that he is entitled to the relief he seeks.

As stated above, it is well settled that ADC policies do not create a liberty interest to which due process can attach. *Perry*, *supra*. Under Arkansas law, the authority for prisoner classification is left to the discretion of prison officials and does not protect an inmate's right to a specific classification or raise due-process concerns. *Crawford v. Cashion*, 2010 Ark. 124, 361 S.W.3d 268 (per curiam). Further, prisoners have no liberty interest in meritorious good time. *Id*. With respect to inmates seeking parole, due process requires that the State provide the inmate with a hearing and with the reasons why the parole was denied. *Wood*, 2022 Ark. 30, 639 S.W.3d 340 (citing *Swarthout v. Cooke*, 562 U.S. 216 (2011)). Robinson does not allege that he was denied a hearing or that the ADC did not provide the reasons

[4]The record demonstrates that the ADC has calculated Robinson's discharge date as 2043, which is one-half of a 125-year sentence that computes Robinson's five-year sentence for failure to register as a sex offender as being imposed consecutively. Because the record contains no evidence that a discharge date mandates release or is relevant to the discretionary determination of Robinson's entitlement to be paroled, and because Robinson may be released at any time prior to the expiration of either 2041 or 2043, the issue is not relevant in this appeal.

for denying his parole. Further, Robinson alleges a violation of due process in that the ADC has not followed its own procedures and regulations in determining his discharge date. Arkansas parole statutes and the parole-board policies and regulations do not create a protectable liberty interest in discretionary parole decisions, and Robinson had no protectable liberty interest in having the ADC follow its own policies. *Wood*, *supra*.

In support of his allegations that he is entitled to a discharge date that reflects one-third of his sentence, Robinson relies on Arkansas Statutes Annotated sections 43-2828 and 43-2829, which are currently codified at Arkansas Code Annotated sections 16-93-603 and 16-93-604. Those statutes and code sections pertain to parole eligibility, not to discharge dates. Robinson offers no argument and cites no authority that an estimated discharge date mandates release other than through regular parole proceedings or that a discharge date overrides the ADC's discretion to parole an inmate before the expiration of his aggregate sentence. This court will not consider an argument, even a constitutional one, if the appellant makes no convincing argument or cites no authority to support it. *Rea v. Kelley*, 2019 Ark. 339, 588 S.W.3d 715. If an appellant's point is not apparent without further research, this court will not hear the matter. *Id.* Issues that are not developed on appeal will not be addressed. *Id.* Here, Robinson cites no authority delineating the purpose and effect of a discharge date relative to parole eligibility.

Robinson claims that the ADC has illegally misclassified him as a second offender, which has rendered him ineligible for parole until he has served one-half of his term. Robinson is mistaken and has failed to show that the ADC acted beyond its authority or violated Robinson's due-process rights. The record demonstrates that Robinson has been

7

parole eligible since August 23, 2014. The record also shows that Robinson has been given parole hearings by the ADC in 2015, 2016, 2017, 2018, and 2021. The record reflects that Robinson's last parole hearing took place in June 2022 and that Robinson was denied parole for two years.

Robinson does not provide documentation connected to his multiple parole hearings and the ADC's reasons for each denial. Instead, Robinson attached to his petition for declaratory relief the grievance procedure that he initiated following the last parole rejection wherein he complained that his minimum discharge date had been miscalculated ex post facto. The record supervisor responded to Robinson's grievance and informed Robinson that since the date of his conviction, meritorious good time cannot reduce the minimum discharge date by more than one-half of his total sentence. Robinson provides no authority to contradict the conclusion of the record supervisor.[5]

Robinson is currently parole eligible and has been since 2014, and he has also attended multiple parole hearings. To be entitled to declaratory relief, Robinson was required to present a justiciable controversy, and Robinson had the burden of proof to demonstrate that the ADC acted without authority or took an action that was illegal. Robinson did not demonstrate the existence of a justiciable controversy and did not carry

---

[5]When Robinson committed the crimes for which he was sentenced to 120 years' imprisonment, Arkansas Statutes Annotated section 46-120 (Repl. 1977) provided that meritorious good time would reduce a sentence to thirty days for each month served in prison. *See Elliott v. State*, 268 Ark. 454, 597 S.W.2d 76 (1980). This represents one-half of the aggregate sentence. The statute in effect when Robinson committed his second offense clarified that meritorious good time shall under no circumstances reduce an inmate's time served in prison by more than one-half of the percentage required by law for transfer eligibility. Ark. Code Ann. § 12-29-201 (Supp. 2011).

his burden of proving that the ADC acted illegally when it denied his parole. There is no right to a writ of mandamus unless the right to declaratory relief has been established. *Sims, supra.* The circuit court did not clearly err or abuse its discretion when it concluded that Robinson had not stated sufficient facts entitling him to declaratory or mandamus relief.

Affirmed.

WOMACK, J., dissents.

**SHAWN A. WOMACK, Justice, dissenting.** The circuit court dismissed this case for failure to plead sufficient facts to support the claim for relief, and the majority affirmed that dismissal. While dismissal is the correct result, the reasoning used to reach it was wrong. Because our state constitution prohibits this type of civil suit against the State, the circuit court had no jurisdiction to hear it or reach the merits. Neither do we.

Appellant's request for relief is barred by article 5, section 20 of the Arkansas Constitution.[1] Because there is no express constitutional provision that allows the State to be a defendant in this context, dismissal is proper.[2] For the reasons set forth in my dissent in *Perry v. Payne*, I respectfully dissent.[3]

*Calvin Robinson*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

---

[1]*See, e.g.*, *Perry v. Payne*, 2022 Ark. 112, at 5 (Womack, J., dissenting).

[2]*Id.*

[3]*Id.*