Cite as 2024 Ark. 137

# SUPREME COURT OF ARKANSAS
**No.** CV–24–34

| | |
|---|---|
| VERN SCHULDHEISZ<br><br>APPELLANT<br><br>V.<br><br>JOHN FELTS, CHAIRMAN,<br> ARKANSAS PAROLE BOARD<br>APPELLEE | **Opinion Delivered:** September 26, 2024<br><br>PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [NO. 60CV-23-5357]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br><u>AFFIRMED</u>. |

**KAREN R. BAKER, Associate Justice**

Appellant Vern Schuldheisz appeals from the Pulaski County Circuit Court's order dismissing his petition for declaratory judgment and writ of mandamus. In his petition, Schuldheisz alleged that he is entitled to declaratory and mandamus relief because he was denied parole for one year by appellee John Felts, chairman of the Arkansas Parole Board, in contravention of the parole statutes in effect at the time he committed his crimes. Felts filed a motion to dismiss, which the circuit court granted. We affirm the circuit court's dismissal of Schuldheisz's petition.

## I. *Background*

The record submitted to this court consists of the following documents: Schuldheisz's petition for declaratory judgment and writ of mandamus; all responsive pleadings, including Felts's motion to dismiss; and the circuit court's order dismissing the petition. Attached to Schuldheisz's petition filed in the circuit court are one judgment and commitment order entered in March 2011 and a sentencing order entered in May 2021.

The 2011 judgment and commitment order confirms that Schuldheisz pleaded guilty to, and was convicted of, multiple felonies committed on separate dates between January 2009 and January 2011, for which Schuldheisz was sentenced to an aggregate term of 180 months' imprisonment.[1] The judgment and commitment order reveals that Schuldheisz was on probation when the judgment was entered. The subsequent sentencing order reflects a guilty plea and conviction of possession of drug paraphernalia with an offense date in March 2021 and a sentence of thirty-six months' imprisonment for the crime.

## II. *Standard of Review*

When a declaratory action is dismissed for failure to state a claim, the standard of review is whether the circuit court abused its discretion. *Andrews v. Payne*, 2023 Ark. 129, 674 S.W.3d 450. An abuse of discretion occurs when the court has acted improvidently, thoughtlessly, or without due consideration. *Id.* In testing the sufficiency of a petition for declaratory relief, all reasonable inferences must be resolved in favor of the petition, and the pleadings are to be liberally construed. *Id.* However, our rules require fact pleading, and a complaint must state facts, not mere conclusions, to entitle the pleader to relief. *Id.* We treat only the facts alleged in the complaint as true—not theories, speculation, or statutory interpretation. *Id.* Likewise, the standard of review on a denial of a writ of mandamus is whether the circuit court abused its discretion. *Id.*

---

[1]The March 2011 judgment and commitment order reflects that Schuldheisz was convicted of the following felony offenses: (1) first-degree terroristic threatening committed in January 2009; (2) possession of a controlled substance committed in October 2010; (3) possession of a controlled substance and possession of paraphernalia committed in December 2010; and (4) breaking or entering and theft committed in January 2011.

### III. *Parole Eligibility*

Arkansas parole statutes and parole-board policies and regulations do not create a protectable liberty interest in discretionary parole decisions, and an inmate has no protectable liberty interest in having the Arkansas Division of Correction (ADC) follow its own policies. *Robinson v. Payne*, 2024 Ark. 94, 688 S.W.3d 409. Additionally, parole eligibility is determined by the law in effect when the crime is committed. *Id*. Generally, the determination of parole eligibility is solely within the province of the ADC. *Id*. Declaratory and mandamus relief may be appropriate if the ADC has acted ultra vires, has acted beyond its legal authority, or has failed to adhere to a parole statute. *Id*.

### IV. *Declaratory Judgment and Writ of Mandamus*

The purpose of a declaratory judgment is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. *Trammel v. Payne*, 2023 Ark. 177, 679 S.W.3d 353. Declaratory relief may be granted if the petitioner establishes (1) a justiciable controversy; (2) that the controversy is between persons whose interests are adverse; (3) that the party seeking relief has a legal interest in the controversy; and (4) that the issue involved in the controversy is ripe for judicial determination. *Id*. A case is nonjusticiable when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id*. The question whether there was an absence of a justiciable issue shall be reviewed de novo on the record of the circuit court. *Id*.

### V. *Analysis*

As stated above, Schuldheisz petitioned for declaratory and mandamus relief on the basis of allegations that Felts had acted illegally by denying him parole for one year in May 2023. According to Schuldheisz, he was illegally denied parole because of his violent history,

previous release history, and institutional record. Even resolving all reasonable inferences in favor of the petition, a review of Schuldheisz's pleadings and arguments demonstrates that he failed to allege sufficient facts that Felts violated any relevant parole statute or regulation.

The record before this court does not contain documents generated by the parole board pertaining to the allegedly illegal administrative parole procedure in his case, and Schuldheisz provides insufficient facts to demonstrate that the basis for the denial of his parole was illegal. Due to the lack of records from the parole board, there is nothing in this record to demonstrate that the institutional history and other reasons recited by Schuldheisz represented an illegal basis for the denial of parole.

It is well settled that it is an appellant's duty to present this court with a record sufficient to show that the circuit court erred below. *McCullon v. State*, 2023 Ark. 190, 679 S.W.3d 358. Due to the absence in this record of the parole-board proceedings, this court must rely on Schuldheisz's conclusory allegations that Felts acted in contravention of the parole statutes and administrative rules that were in effect at the time of his offense without setting forth the relevant dates and statutes.

While there is no evidence that demonstrates which offense date was controlling at the time of the parole hearing, Schuldheisz indicates in his appellant brief that, during the relevant time frame, he was serving a sentence for multiple felonies, including possession of a controlled substance, possession of drug paraphernalia, and theft. The March 2011 judgment and commitment order included those same felony offenses committed between 2009 and 2011, which reflected convictions and sentences for theft, possession of a controlled substance, and possession of paraphernalia. The 2011 judgment and commitment order reflects that Schuldheisz committed the last felony offenses of breaking or entering

4

and theft in January of that year. Schuldheisz raises no allegations concerning the sentencing order entered in 2021 for a single felony offense of possession of paraphernalia. In his allegation that Felts violated the relevant parole statute, Schuldheisz cites Arkansas Code Annotated section 16-93-615, which did not become effective until July 2011. *See* Ark. Code Annotated § 16-93-615; Act 570 of 2011, § 100. It was therefore not in effect at the time of the offenses for which he was convicted by judgment entered in March 2011. On the other hand, it may be that the 2021 offense controlled the legal parameters relevant to Schuldheisz's parole. Schuldheisz's allegations simply do not clearly delineate the relevant offense dates or the applicable parole statutes and regulations.

If an appellant's point is not apparent without further research, this court will not hear the matter. *Rea v. Kelley*, 2019 Ark. 339, 588 S.W.3d 715. This court will not address issues on appeal that are not appropriately developed and will not research the parole statutes and administrative regulations that pertained to Schuldheisz's entitlement to parole. To be entitled to declaratory relief, Schuldheisz had the burden of proof to demonstrate that Felts took an action that was illegal. Schuldheisz's allegations are facially insufficient to create a factual question of whether Felts's conduct was illegal. There is no right to a writ of mandamus unless the right to declaratory relief has been established. *Robinson*, *supra*. Accordingly, the circuit court did not abuse its discretion when it dismissed Schuldheisz's petition.

Affirmed.

WOMACK, J., dissents.

5

**SHAWN A. WOMACK, Justice, dissenting.** Appellant's request for relief is barred by article 5, section 20 of the Arkansas Constitution.[1] Absent an express constitutional provision to the contrary, the State can never properly be a defendant in any of its courts.[2] Because there is not an express constitutional provision that allows the State to be a defendant in this context, dismissal is proper.[3] For the reasons set forth in my dissent in *Perry v. Payne*, I respectfully dissent.[4]

*Vern Schuldheisz*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Laura L. Purvis*, Ass't Att'y Gen., for appellee.

---

[1]*See, e.g., Perry v. Payne*, 2022 Ark. 112, at 5 (Womack, J., dissenting) (stating article 5, section 20 required the dismissal of the appeal from denial of writ of mandamus and declaratory judgment).

[2]*See Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[3]Here, there was not an express constitutional provision that allowed Schuldheisz to initiate a new civil case against the State. Thus, Schuldheisz should have petitioned for mandamus and declaratory relief in his original criminal case where Schuldheisz pled guilty to, and was convicted of, multiple felonies committed on separate dates between January 2009 and January 2011, for which Schuldheisz was sentenced to an aggregate term of 180 months' imprisonment. Instead, he initiated a new civil action below, 60CV-23-5357. This he cannot do. *See supra*, note 1.

[4]*Id.*