Cite as 2025 Ark. 144

# SUPREME COURT OF ARKANSAS
No. CV-24-695

| | |
|---|---|
| MARK HOWERTON<br><br>APPELLANT<br><br>V.<br><br>LONA MCCASTLAIN, CHAIRMAN, ARKANSAS POST-PRISON TRANSFER BOARD<br><br>APPELLEE | **Opinion Delivered:** October 2, 2025<br><br>PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [NO. 60CV-24-4682]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br><u>AFFIRMED</u>. |

**KAREN R. BAKER, Chief Justice**

Appellant Mark Howerton appeals from the dismissal of his petition for declaratory judgment and writ of mandamus. In his petition, Howerton alleged that appellee Lona McCastlain, chairperson of the Arkansas Post-Prison Transfer Board, acted without legal authority when she denied Howerton parole for two years in 2024. McCastlain filed a motion to dismiss, which the circuit court granted. We affirm the circuit court's dismissal of Howerton's petition.

In 2010, Howerton pleaded guilty to one count of computer child pornography and three counts of internet stalking of a child. The offenses were committed in 2009. After conducting a sentencing hearing, the trial court entered a judgment and commitment order wherein it sentenced Howerton to 120 months' suspended sentence for the computer–child–pornography charge; 240 months' imprisonment for the first internet-stalking-of-a-child charge; 48 months' imprisonment for the second internet-stalking-of-a-child charge, to run

consecutively to the first internet-stalking charge; and 120 months' suspended sentence on the third internet-stalking-of-a-child charge, to run concurrently with the 120 months' suspended sentence on the computer-child-pornography charge. Howerton's aggregate prison sentence totaled 288 months, or 24 years. Howerton appealed the judgments, which were affirmed by the Arkansas Court of Appeals. *Howerton v. State*, 2012 Ark. App. 331, 413 S.W.3d 861. Howerton asserted in his petition for declaratory relief that he had been paroled in 2017 but was returned for a parole violation in 2020 and was subsequently considered for parole in 2022, which was denied for a period of two years. In 2024, Howerton was again denied parole for an additional two years.

In his petition for declaratory and mandamus relief, Howerton alleged that McCastlain acted without authority when she denied him parole for a period of two years in 2024 due to the serious nature of his offenses and the detriment-to-community rationale. As stated above, Howerton's petition for declaratory and mandamus relief was dismissed on a motion filed by McCastlain. On appeal, Howerton again asserts that McCastlain applied parole statutes ex post facto by denying him parole for two years, and he challenges as unauthorized McCastlain's determination that he would be a detriment to the community if released.

When a declaratory action is dismissed for failure to state a claim, the standard of review is whether the circuit court abused its discretion. *Andrews v. Payne*, 2023 Ark. 129, 674 S.W.3d 450. An abuse of discretion occurs when the court has acted improvidently, thoughtlessly, or without due consideration. *Id.* In testing the sufficiency of a petition for declaratory relief, all reasonable inferences must be resolved in favor of the petition, and the

pleadings are to be liberally construed. *Id*. However, our rules require fact pleading, and a complaint must state facts, not mere conclusions, to entitle the pleader to relief. *Id*. We treat only the facts alleged in the complaint as true—not theories, speculation, or statutory interpretation. *Id*. Likewise, the standard of review on a denial of a writ of mandamus is whether the circuit court abused its discretion. *Id*.

Arkansas parole statutes and parole-board policies and regulations do not create a protectable liberty interest in discretionary parole decisions, and an inmate has no protectable liberty interest in having the Arkansas Division of Correction (ADC) follow its own policies. *Robinson v. Payne*, 2024 Ark. 94, 688 S.W.3d 409. Additionally, parole eligibility is determined by the law in effect when the crime is committed. *Id*. Generally, the determination of parole eligibility is solely within the province of the ADC. *Id*. Declaratory and mandamus relief may be appropriate if the ADC has acted ultra vires, has acted beyond its legal authority, or has failed to adhere to a parole statute. *Id*.

The purpose of a declaratory judgment is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. *Schuldheisz v. Felts*, 2024 Ark. 137, 696 S.W.3d 817. Declaratory relief may be granted if the petitioner establishes that (1) there is a justiciable controversy; (2) the controversy is between persons whose interests are adverse; (3) the party seeking relief has a legal interest in the controversy; and (4) the issue involved in the controversy is ripe for judicial determination. *Id*. A case is nonjusticiable when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id*. Whether there was an absence of a justiciable issue shall be reviewed de novo on the record of the circuit court. *Id*.

3

Howerton contended in his petition and also contends on appeal that McCastlain applied Arkansas Code Annotated section 16-93-615 (Repl. 2016) ex post facto to determine his parole eligibility for offenses committed in 2009 and therefore acted outside statutory and regulatory authority. According to Howerton, Arkansas Code Annotated section 16-93-1302(a) (Repl. 2006) was applicable to his parole eligibility and entitled him to be released on parole because he had not committed an offense listed in section 16-93-1302(b)(1). Howerton fails to demonstrate that McCastlain applied the incorrect statute at his parole hearing. Further, section 16-93-1302(a) states that agency regulations govern parole and transfer eligibility in that inmates will be transferred from imprisonment in the ADC "subject to rules and regulations promulgated by the Board of Corrections." Howerton does not state sufficient facts to establish that McCastlain denied his parole for two years in contravention of the rules and regulations adopted by the Board addressing the eligibility criteria for either transfer or parole.

Howerton contends that the detriment-to-community rationale underlying the denial of his parole eligibility was not authorized by either the statutes or the regulations. However, Howerton ignores the Board's long-standing regulations that list the criteria for release or transfer and authorizes the Board to release an inmate when "there is a reasonable probability that the person can be released without detriment to the community." 158.00.1-2.13 Ark. Admin. Code (WL current with amendments received through May 15, 2025). Howerton does not allege any facts establishing that McCastlain violated the Board's regulations pertaining to its consideration that an inmate must not pose a detriment to the community.

In affirming his sentences on direct appeal, the court of appeals noted that Howerton had previous convictions for indecent exposure in 1995 and 1999. *Howerton*, 2012 Ark. App. 331, 413 S.W.3d 861. In addition, the court of appeals explained that the internet-stalking charge stemmed from conversations between Howerton and an undercover officer posing as a fourteen-year-old girl named Chloe. *Id*. The court of appeals set out the content of those interactions as follows: Howerton stated to Chloe on several occasions that, as a young female, her sexual organs had attributes he would find pleasing if they had sex; he stated that the fact that she was only fourteen made him desire sex with her more; Howerton indicated that he was trying to arrange to see her, told her that he would lack the willpower to resist his desire to have sex with her if he met her, and asked during one session where he could go in order to expose himself to young girls; and Howerton told Chloe that he had exposed himself to other girls around her age. *Id*. at 6, 413 S.W.3d at 861. The court of appeals also took note of the presentence report in which it was found that Howerton had no conflict of conscience with respect to his behavior, that he was attempting to groom Chloe for sex, that he derived excitement from exhibitionism, and that he viewed Chloe as a goal, not a person. *Id*. at 7, 413 S.W.3d at 865.

Howerton admits that he had been paroled in 2017 and was returned to prison in 2020 for a parole violation, but he fails to disclose the nature of the violation and whether it involved either inappropriate behavior toward a minor or any other offense that would support Howerton's parole denial. Nor does Howerton disclose his institutional history and whether he has been found guilty of any major disciplinary offenses while incarcerated that would be relevant to a consideration that he posed a detriment to the community. To

5

obtain declaratory relief, Howerton was required to present a justiciable controversy and had the burden of proving that McCastlain took an action that was not authorized. In light of the discussion above, Howerton fails to provide a sufficient factual basis to support his conclusory allegations that McCastlain acted without authority when she denied him parole because he was a detriment to the community. As such, Howerton's allegations are insufficient and do not present a justiciable controversy. There is no right to a writ of mandamus unless the right to declaratory relief has been established. *Schuldheisz*, 2024 Ark. 137, 696 S.W.3d 817. Accordingly, the circuit court did not abuse its discretion when it concluded that Howerton had not stated sufficient facts entitling him to declaratory or mandamus relief.

Affirmed.

WOMACK, J., dissents.

**SHAWN A. WOMACK, Justice, dissenting.** Dismissal of the case is proper pursuant to article 5, section 20 of the Arkansas Constitution.[1] Absent an express constitutional provision to the contrary, the State can never properly be a defendant in any of its courts.[2] Here, Howerton improperly made the State a defendant when he petitioned for mandamus and declaratory relief in a new civil action below, 60CV-24-4682.[3] Instead, he

---

[1]*See Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[2]*Id.*

[3]*See Perry v. Payne*, 2022 Ark. 112, at 5 (Womack, J., dissenting) (reasoning Article 5, section 20 required the dismissal of the appeal from denial of writ of mandamus and declaratory judgment).

should have petitioned in his underlying criminal case, CR-2009-1510-2. Accordingly, this court, like the circuit court below, lacks jurisdiction. For these reasons, the circuit court's order must be reversed and the case dismissed.

*Mark Howerton*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Chelsea Harvey*, Ass't Att'y Gen., for appellee.