Cite as 2026 Ark. 25
# SUPREME COURT OF ARKANSAS
**No.** CR–25–336

| | |
|---|---|
| WILLIAM WHITE<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** February 12, 2026<br><br>PRO SE APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT; MOTION FOR RELEASE ON APPEAL BOND; MOTION TO AMEND MOTION FOR RELEASE ON APPEAL BOND; MOTION TO AMEND APPELLANT'S BRIEF<br>[NO. 18CR-18-303]<br><br>HONORABLE DAN RITCHEY, JUDGE<br><br><u>AFFIRMED; MOTIONS MOOT.</u> |

**KAREN R. BAKER, Chief Justice**

Appellant William White appeals from the denial and dismissal of pleadings asking the circuit court to correct an alleged clerical error in his sentencing order. Although the sentencing order is not in the record, the circuit court noted in the body of its order that White had pleaded guilty to rape and was sentenced to 240 months' imprisonment followed by 120 months' suspended imposition of sentence. In its order denying relief, the circuit court described multiple pleadings that had been filed by White in addition to a petition for writ of mandamus that included a motion to correct a clerical error, a petition to proceed in forma pauperis, a declaration for entry of a default, a formal inquiry, a motion for default, and motion for appointment of counsel. The circuit court found no clerical error in the

sentencing order and denied and dismissed all of White's pleadings.[1] We affirm.

Our standard of review with respect to trials involving declaratory-judgment actions is whether the court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Robinson v. Payne*, 2024 Ark. 94, 688 S.W.3d 409. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a firm conviction that a mistake has been made. *Id.*

On appeal, White argues that the circuit court erroneously denied him relief on the basis of its finding that there was no clerical error in the sentencing order. However, White has not included the sentencing order in the record to support his allegation of error, nor did he include the pleadings listed in the circuit court's order. Accordingly, we cannot reach the merits of White's arguments because the record before us is insufficient. The burden of providing a record sufficient to demonstrate that reversible error occurred lies with the appellant. *McCullon v. State*, 2023 Ark. 190, 679 S.W.3d 358.

We affirm the circuit court's order denying White's pleadings. White's motion for release on appeal bond, motion to amend the motion for release on appeal bond, and motion to amend appellant's brief that were filed on appeal are rendered moot.

Affirmed; motions moot.

*William White*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.

---

[1]While the circuit court addressed White's petition for writ of mandamus in the body of its order, it did not include the mandamus petition in the order's findings and conclusions.