Cite as 2026 Ark. 34
# SUPREME COURT OF ARKANSAS
No. CV–25–220

| | |
|---|---|
| CALVIN LOWE | **Opinion Delivered:** February 19, 2026 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE |
| | JEFFERSON COUNTY CIRCUIT |
| V. | COURT |
| | [NO. 35CV-24-760] |
| LONA MCCASTLAIN, IN HER | HONORABLE JODI RAINES |
| OFFICIAL CAPACITY AS | DENNIS, JUDGE |
| CHAIRWOMAN OF THE | |
| ARKANSAS POST-PRISON | |
| TRANSFER BOARD; DEXTER | |
| PAYNE, IN HIS OFFICIAL CAPACITY | |
| AS DIRECTOR OF THE ARKANSAS | |
| DIVISION OF CORRECTION; AND | |
| TIM GRIFFIN, ARKANSAS | |
| ATTORNEY GENERAL | |
| APPELLEES | AFFIRMED. |

**COURTNEY RAE HUDSON, Associate Justice**

Calvin Lowe appeals from the Jefferson County Circuit Court's order denying and dismissing Lowe's petition for declaratory judgment and writ of mandamus, in which he asked that appellees be compelled to consider him parole eligible. The circuit court found that Lowe's claims were barred by sovereign immunity and granted appellees' motion for summary judgment. We affirm.

In 1991, Lowe was found guilty by a jury of two counts of capital murder and was sentenced to two concurrent terms of life imprisonment without parole. This court affirmed. *Lowe v. State*, 309 Ark. 463, 830 S.W.2d 864 (1992). In the present petition, Lowe

contended that he has been denied parole eligibility in violation of his rights to due process and equal protection. He maintained that Arkansas Code Annotated sections 16-93-615 (parole eligibility procedures), -621(2)(A) (applying to those who were minors at the of their offense), and -1805(b) (governing release procedures for those who committed a felony on or after January 1, 2025) (Repl. 2024) create a liberty interest in parole eligibility. Lowe further asserted that the denial of his parole eligibility represented age-based discrimination in violation of his right to equal protection because inmates who committed capital murder as minors may be parole eligible after serving thirty years pursuant to Arkansas Code Annotated section 16-93-621.

When the circuit court's decision to grant summary judgment is based on whether the pleadings state sufficient facts for an exception to sovereign immunity, we apply the abuse-of-discretion standard of review. *Lenard v. Kelley*, 2017 Ark. 186, 519 S.W.3d 682. In those instances, the facts alleged in the petition are treated as true and are viewed in the light most favorable to the party who filed the petition. *Id*. Here, viewing the facts alleged in Lowe's petition as true, Lowe does not state an exception to sovereign immunity, and his claim is therefore barred.

This court has recognized that the defense of sovereign immunity may be surmounted if a lawsuit seeking only declaratory or injunctive relief establishes an illegal, unconstitutional, or ultra vires act. *Brizendine v. Ark. Dep't of Hum. Servs.*, 2025 Ark. 34, 708 S.W.3d 351. A petitioner seeking to surmount sovereign immunity under this exception is not exempt from complying with our fact-pleading requirements. *Id*. The petitioner must provide facts to state a claim based on the alleged illegal, unconstitutional,

or ultra vires state action, and short, conclusory statements and bare allegations will not do. *Id*.

The three statutes relied on by Lowe create discretionary entitlement to parole eligibility for certain felonies and are inapplicable to inmates who have been convicted of capital murder and sentenced to life imprisonment. It is well established that Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions, and an inmate has no protectable liberty interest in parole. *Schuldheisz v. Felts*, 2024 Ark. 137, 696 S.W.3d 817; *see also Parker v. Corrothers*, 750 F.2d 653, 657 (8th Cir. 1984) (Arkansas parole statutes do not create a liberty interest because they provide that the parole board "may" instead of "shall" grant parole.).

Generally, in Arkansas, a sentence of life means life. *Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283. Arkansas Code Annotated section 16-93-607(c)(1) states in pertinent part that an inmate under sentence of life imprisonment is not eligible for release on parole unless the sentence is commuted to a term of years by executive clemency. Here, Lowe's sentence has not been commuted to a term of years by executive clemency.

To sustain his equal-protection claim, Lowe must allege that he is a member of a protected class or that a fundamental right has been violated, that he was treated differently from other similarly situated inmates, and that there was no rational basis for the different treatment. *Wood v. Ark. Parole Bd.*, 2022 Ark. 30, 639 S.W.3d 340. As stated above, Lowe, who committed capital murder when he was twenty-nine, has no fundamental right to parole, and he is not similarly situated to inmates who were minors when the crime of capital murder was committed; consequently, there is a rational basis for the separate

3

sentencing standards applied to minors as set forth by the United States Supreme Court in *Miller v. Alabama*, 567 U.S. 460 (1984). The circuit court did not abuse its discretion when it found that Lowe's petition for relief was barred by sovereign immunity pursuant to article 5, section 20 of the Arkansas Constitution.

Affirmed.

BAKER, C.J., concurs.

WOMACK, J., dissents.

**SHAWN A. WOMACK, Justice, dissenting.** Dismissal of the case is proper pursuant to article 5, section 20 of the Arkansas Constitution.[1] Absent an express constitutional provision to the contrary, the State can never properly be a defendant in any of its courts.[2] Here, Lowe improperly made the State a defendant when he petitioned for mandamus and declaratory relief in a new civil action below, 35CV-24-760.[3] Instead, he should have petitioned in his related, underlying criminal case. Accordingly, this court, like the circuit court below, lacks jurisdiction. For these reasons, the circuit court's order must be reversed and the case dismissed.

*Calvin Lowe*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.

---

[1] *See Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 17, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[2] *Id*.

[3] *See Perry v. Payne*, 2022 Ark. 112, at 5 (Womack, J., dissenting) (reasoning Article 5, section 20 required the dismissal of the appeal from denial of writ of mandamus and declaratory judgment).